14629

WADE v. SOUTHERN RY CO. *ET AL.*

(*195 S. E., 560*)

November, 1937.

*Messrs. J. E. Harley* and *Frank P. Cave,* for appellants,

*Messrs. Brown & Watts* and *Blatt & Fales,* for respondent,

March 4, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS.

This action was commenced in July, 1937, in Barnwell County.

The alleged cause of action arose from an automobile accident near Columbia on the line of the Southern Railway Company in which accident plaintiff's intestate was killed by being run into by a train of the Southern Railway Company. A main line of the defendant runs through Barnwell County and in that county the defendant maintains stations and agents.

A motion by defendant was made for a transfer of this case from Barnwell County to Richland County. This motion was supported by affidavits and the change of place of trial was asked for on the ground of convenience of witnesses and that the ends of justice would be promoted by the change.

The supporting affidavits set forth that the accident occurred in Richland County two miles north of Columbia, that all of defendant's witnesses lived in Richland County, and that if the case were tried in Barnwell County, it would be very expensive and inconvenient to arrange the attendance of these witnesses. The further ground that at the time of the accident the deceased was living in the City of Columbia with his wife, the plaintiff in this case, and they were both residents of the City of Columbia in Richland County.

This motion was resisted by plaintiff and numerous affidavits submitted in support of their contention, among others it being shown that a number of plaintiff's witnesses were residents of Barnwell County, and that an earlier trial could be had if the case remained in Barnwell County.

After hearing argument of counsel, the presiding Judge refused the motion.

It is well settled in this State that a motion to change the place of trial upon this statutory ground (convenience of witnesses and promotion of the ends of justice) is addressed to the sound judicial discretion of the Circuit Judge. Code 1932, § 426 (3).

" 'In the nature of the case, then, there must be latitude in which the judicial discretion may move; and that means a hard and fast rule for the exercise of discretion cannot be stated.' *Bishop v. Jacobs,* 108 S. C., 49, 93 S. E., 243.

"This Court has repeatedly held that we will not disturb a ruling made by a Circuit Judge, when the matter is one within his discretion, unless it plainly appears that as a matter of law such discretion was erroneously exercised." *Johnston v. Standard Oil Company,* 155 S. C., 179, 152 S. E., 176, 178.

'"This Court will not interfere with the discretion exercised by a Circuit Judge unless it is convinced that the action of the circuit judge was so opposed to a sound discretion as to amount to a deprivation of the legal rights of the complaining party." *Griffin v. Owens,* 171 S. C., 276, 172 S. E., 221, 222.

There are numerous other cases in which our Court has stated that a matter in the discretion of the Court will not be disturbed unless in exercising this discretion it appears as a matter of law that such discretion was erroneously exercised.

One position taken by respondent is that the order appealed from is not reviewable before appeal from final judgment in the case. This position is passed over and not passed upon. The case being ready for final determination, it is considered proper to determine the matter in this appeal.

All exceptions are overruled and the judgment appealed from is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.