### 14723

TUCKER v. INGRAM *ET AL.*
SAME v. PURE OIL CO. OF THE CAROLINAS

(198 S. E., 25)

*Messrs. W. F. Wimberly, George D. Levy* and *Shepard
K. Nash,* for appellants,

*Messrs. Tompkins & Tompkins,* for respondent,

July 14, 1938.

The opinion of the Court was delivered by MR. L. D.
LIDE, ACTING ASSOCIATE JUSTICE.

These two cases were for convenience submitted on the
printed briefs together, and will be so considered and de-

cided by us. The defendant Pure Oil Company of the Carolinas is a North Carolina corporation, but has offices and agents in Richland County, in this State, and transacts its corporate business in that county and also in Sumter County. Both suits were brought in Richland County by the plaintiff, M. B. Tucker, the one first above stated (hereinafter called the first case) being against the defendant, C. C. Ingram, a resident of Sumter County, and the company. The second case above stated (hereinafter called the second case) is against the company alone.

The defendants in the first case moved before Hon. G. Duncan Bellinger, Circuit Judge, for an order transferring the case from Richland County to Sumter County on the ground that the corporate defendant is a non-resident foreign corporation and the individual defendant is a resident of Sumter County, and upon the further ground that it will be for the convenience of witnesses for the case to be tried in Sumter County. A like motion was made in the second case, but of course on the second ground alone.

Both motions were denied by Judge Bellinger on February 18, 1938, and these appeals are from his orders.

The order of Judge Bellinger in the first case was very carefully and thoroughly prepared by him, and contains a review of practically all the pertinent authorities; and the same should be reported. His order in the second case merely makes reference to his order in the first one. We are entirely satisfied with the reasoning and conclusions of Judge Bellinger, and might well content ourselves with merely affirming his orders for the reasons therein stated; but it may not be amiss to add the following observations.

There are only two issues involved, and they are stated by the appellants as follows:

Issue I. Was the trial Judge in error in refusing to change the place of trial to Sumter County, where it appears that the personal defendant is a resident of Sumter County and the corporate defendant a non-resident of South Carolina?

II. Should the trial Judge have transferred these two cases to Sumter County for trial upon the ground of convenience of witnesses; and the promotion of the ends of justice?

As to the first issue: While formerly there was indeed some confusion in the decisions, we think the law has been settled against the view of the appellants by the sound and correct decision in the case of *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C., 49, 159 S. E., 490, cited by Judge Bellinger, where the Court says (page 491): "If a foreign corporation, whether or not domesticated, having an agent and office for the transaction of business in a particular county, is sued in that county with a resident of another county of the state, the case may be properly tried in the county in which the action was brought. If the foreign corporation is sued in a county where it has no agent or place of business, along with a codefendant who is resident of another county of the state, the place of trial should be changed to the county of the residence of the codefendant. We have no statute (Mr. Justice Cothran's opinion in *Bass v. American Prod. Exp. & Imp. Corp.,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R. 168), stating plainly our conclusions. We have gathered them from the decisions of this Court on the subject, particularly including those to which we have referred."

The later decision of *Halsey v. Minnesota-South Carolina Land & Timber Company,* 168 S. C., 18, 166 S. E., 626, is so clearly distinguishable from the *Campbell case,* for the reasons stated by Judge Bellinger, that we do not deem it necessary to give it any special consideration.

Section 422, Code, 1932, provides with reference to such an action as those involved in these appeals that the same may be tried in any county in which one or more of the defendants resides at the time of the commencement of the action. And, as the *Campbell case* definitely shows, a foreign corporation establishes a residence for venue

purposes by having an office and agent in the county for the transaction of business notwithstanding a foreign corporation is ordinarily deemed a non-resident of the State. The contention of the appellants that the line of old cases so holding may be distinguished because in those cases the corporation had been domesticated is not tenable, as this particular point was specially considered in the *Campbell case,* and the Court held, after reviewing the authorities, that domestication was irrelevant.

There is no doubt of the proposition that a corporation chartered under the laws of this State, that is to say, *a domestic corporation,* is a resident in any county in the State where it maintains an agent and conducts its corporate business, and suit may be brought against it in any such county. *Elms v. Power Co.,* 78 S. C., 323, 58 S. E., 809; *McGrath v. Ins. Co.,* 74 S. C., 69, 54 S. E., 218; *Dennis v. R. Co.,* 86 S. C., 258, 68 S. E., 465; *Patterson v. Orangeburg Fertilizer Co.,* 120 S. C., 478, 113 S. E., 318. The status of these corporations is adverted to by way of analogy; and in this connection it may be of interest to note the decision of the Supreme Court of the United States in the case of *Power Manufacturing Company v. Saunders,* 274 U. S., 490, 47 S. Ct., 678, 71 L. Ed., 1165, in which it was held, construing an Arkansas statute, that a foreign corporation is unconstitutionally deprived of the equal protection of the laws by statutes permitting it to be sued in any county in the State (when it has established its right to do business in the State), whether it does business, or is present, or has a representative in the county of suit or not, while suits against domestic corporations and individuals can be brought only in counties where they are found, or do business, or have a representative. This question is manifestly not involved in the cases at bar, but it will be observed that the United States Supreme Court in the case cited held that the foreign corporations mentioned should be on a parity with domestic corporations in the matter of the place of trial.

On the second issue involved relating to the convenience of witnesses, the language of Section 426, Code, 1932, seems itself to be conclusive against the contention of the appellants, for the pertinent portion of the section reads as follows, to wit: "When the convenience of witnesses and the ends of justice would be promoted by the change." The use of the word *"and"* in this section clearly indicates that there must be *both* the convenience of witnesses and the promotion of justice; and it has been so held in a number of cases, among them being *Sample v. Bendenbaugh,* 158 S. C., 496, 155 S. E., 828, where the Court says (page 830):

"It is not sufficient to show that the mere convenience of the witnesses will be promoted by the change or the ends of justice will be thereby promoted, but the Circuit Judge should be controlled in the exercise of his judicial discretion by the plain words of the statute, and both requirements of the same must be met. *Utsey v. Railway Company,* 38 S. C., [399] 405, 17 S. E., 141. * * *

"It is equally well settled in this state that a motion to change the place of trial upon this statutory ground is addressed to the sound judicial discretion of the Circuit Judge (40 Cyc. 136, *Gower v. Thomson,* 6 S. C., 313; *Barfield v. Coker, supra,* [73 S. C., 181, 53 S. E., 170].; *Adams et al. v. Fripp, supra,* [108 S. C., 234, 94 S. E., 109]; *Panama, etc., Co. v. Savings Bank,* 115 S. C., 290, 105 S. E., 444), which will not be disturbed by the Court except in cases of manifest error."

It will be observed from this excerpt that even where the motion is based upon both requirements of the statute, the matter is addressed to the sound discretion of the Circuit Judge; and notwithstanding the suggestion of the appellants in their arguments to the contrary, we do not find anything whatever in the record even remotely tending to show any abuse of discretion or manifest error on the part of the trial Judge.

The orders of the Circuit Court in both of these cases are affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER, and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.