16331

McCARTY v. BOLICK *ET AL.*

(58 S. E. (2d) 338)

*Mr. J. E. Belser, Jr.,* of Columbia, *for Appellants,* 

*Messrs. Julian L. Johnson* and *Isadore S. Bernstein,* of Columbia, 

March 16, 1950.

TAYLOR, Justice.

This appeal comes from an order of the Honorable G. B. Greene, Presiding Judge of the Court of Common Pleas for Richland County, dated June 25, 1949, refusing defendants' motion for a change of venue transferring the place of trial in the above-entitled case from Richland County to the County of Newberry.

Respondent seeks in this action to recover ten thousand dollars ($10,000.00) damages from the defendant, E. L. Bolick, personally and Travelers Insurance Company, his insurance carrier.

The defendants answered and moved the court for a change of venue from Richland County to Newberry County on the grounds that the defendant, E. L. Bolick, being a resident of Newberry County was entitled to trial in said county; further, that the convenience of the witnesses and the ends of justice would be promoted by such transfer.

The motion being heard and refused, defendants, appellants now, come to this Court.

The pleadings disclose that the plaintiff is a resident of Laurens County, South Carolina; that the defendant, E. L. Bolick, is a resident of Newberry County, South Carolina; that the defendant, Travelers Insurance Company, has its place of business in Hartford, Connecticut, and is licensed to do business in this state; that some time prior to January 15, 1949, the defendant, Bolick, procured from the South Carolina Public Service Commission a Class E Certificate for the transportation of commodities for hire from the counties of Laurens and Newberry to all points in the state and back to the point of origin; that the defendant, Trav-

elers Insurance Company, was insurance carrier for such operation; that on or about January 15, 1949, the plaintiff, while traveling in a southeasterly direction along Highway No. 76 near Newberry, South Carolina, in the County of Newberry in her 1941 Ford coupe, became involved in a collision with a 1947 International Tractor, owned by defendant, Bolick, and operated by his agents and servants.

Thereafter, plaintiff brought this action in the County of Richland, to which the defendants answered and moved for a change of venue from Richland County to Newberry County, the place of residence and domicile of the defendant, Bolick, and the scene of the collision, basing such motion upon an affidavit to the effect that the defendant, Bolick, is a resident of Newberry County with his place of business in said county; that the collision out of which the cause of action arose occurred in Newberry County; that he and all of the witnesses to the collision other than the plaintiff are citizens and residents of such county.

In reply to this, there is no showing on the part of respondent that any witnesses are from Richland County, not even the plaintiff, she being a resident of Laurens County, South Carolina.

The test to be applied to the questions presented in this appeal are clearly stated in the case of *Patterson v. Charleston & W. C. Ry. Co.,* 190 S. C. 66, 1 S. E. (2d) 920, 923. "The burden in the first instance was upon the appellant to make a *prima facie* showing, not only that the convenience of witnesses would be served, but also that the ends of justice would be promoted by the change * * *. Having done so, the burden shifted to the respondents to show that at least one of these requirements had not been sufficiently satisfied."

Applying the test in the order mentioned, it is abundantly clear that the convenience of witnesses will be promoted by changing the place of trial to Newberry County as there is no showing whatever that any witnesses reside in the County

of Richland and that all, with the exception of plaintiff herself, reside within the County of Newberry. Therefore, there can be no question but what the convenience of witnesses would be promoted by trial in the latter county. In fact, respondents do not attempt to controvert this showing on the part of the appellants.

The next question, therefore, is whether there was sufficient showing on the part of appellants that the ends of justice would be promoted by such a change. In *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141, 143, it is pointed out that the object of our jury system in requiring jurors from the vicinage to pass upon the testimony produced upon the trial of the case "is the promotion of the ends of justice."

As heretofore stated, the defendant, Bolick, and all of the witnesses to the accident other than the plaintiff are citizens and residents of the County of Newberry.

The respondent makes no showing whatever indicating a reason why the case should be tried in Richland County other than that the defendant, Travelers Insurance Company, is a foreign corporation and may be sued therein along with the defendant, Bolick, who was doing business in said county and that the affidavit presented on the part of appellant was insufficient to warrant the granting of the motion for a change of venue.

However, we are of the opinion that a *prima facie* showing has been made to the effect that the convenience of witnesses would be served and that the ends of justice would be promoted by the change; therefore, the motion for a change of venue should have been granted in the absence of a showing to the contrary.

We are not unmindful of the fact that motions of this character are addressed to the sound judicial discretion of the Circuit Judge and that his decision will not be disturbed unless it appears that a manifest legal error was committed, but where, as in this case, the facts are not

in dispute and it clearly appears that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Newberry County, it becomes the duty of this Court to reverse the order appealed from and order that the place of trial be changed from Richland County to Newberry County, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.