16350

REYNOLDS v. ATLANTIC COAST LINE R. CO. *ET AL.*
(59 S. E. (2d) 344)

18

*Messrs. Paulling & James,* of Darlington, and *Woods & Woods,* of Marion, *for Appellants,*

*Messrs. Mozingo & Watts* and *C. R. Parrott,* of Darlington, *for Respondent,*

*Messrs. Paulling & James,* of Darlington, and *Woods & Woods,* of Marion, *for Appellants,*

April 28, 1950.

TAYLOR, Justice.

This appeal is from an order refusing a motion by appellants for an order changing the place of trial of the above-named case from Darlington County, in which it was com-

menced, to Florence County, on the ground that the convenience of witnesses and the ends of justice would be promoted thereby.

Respondent alleges that he was employed in 1904 by Appellant, Atlantic Coast Line Railroad Company, as a conductor, and worked for said company continuously until July 6, 1938, when he became ill; that, after recovering from his illness, he reported for duty in November, 1938; that appellant, R. B. Hare, in the course of his employment as Superintendent of the Columbia District, wrongfully, unlawfully, and in disregard of respondent's contract, denied him employment as conductor; that although he has continued, since said date, to tender his services, the appellant, Atlantic Coast Line Railroad Company, by its agents and servants, has repeatedly and continuously refused such services; all of which he alleges is in violation of the terms of contract between the appellant railroad and the Brotherhood of Railroad Trainmen.

The appellant, Atlantic Coast Line Railroad Company, is a corporation of the State of Virginia, having offices and agents in Darlington County. The offices of its Columbia Division, upon which respondent was employed, are located in the City of Florence, County of Florence. The appellants, R. B. Hare, former superintendent of the Columbia Division, and T. E. Gilhooley, who succeeded him upon his retirement, are residents of Florence County. The respondent is a resident of Sumter County. He, of course, has the right to sue appellants in Darlington County, but his right to have the action tried in that county is subject to the right of the appellants to have the place of trial changed to another county, if both the convenience of witnesses and the ends of justice will be promoted thereby. See *McCarty v. Bolick et al.,* S. C., 1950, 58 S. E. (2d) 338.

There are no factual matters in dispute upon the propriety of transferring the action to Florence County for trial. The affidavits filed on behalf of appellants are to the effect that

the individual appellants are residents of Florence County; that appellants will have several medical witnesses upon the trial of the case, who reside in Rocky Mount and Wilmington, North Carolina, and Richmond, Virginia, whose testimony will be vital to the issues involved; that the appellant railroad provides regular, frequent and fast passenger transportation by rail, in both directions, between Richmond, Virginia, Rocky Mount, North Carolina, and Florence, South Carolina, all of said points being on the main line of said railroad; that it will be much more convenient, comfortable and safe for said witnesses to travel from their homes to Florence by rail than by motor vehicle; and that it will be more economical as they will be furnished free rail transportation for that purpose. It further appears from affidavits filed on behalf of appellants that there are no rail connections for passenger travel between the points mentioned and Darlington, S. C.; that there are no records as to respondent's physical condition or employment, nor witnesses to any material fact, in Darlington County; that appellants may have several lay witnesses who reside in Florence County; and that the distance from Florence to Darlington, S. C., according to official maps, is ten miles.

The respondent filed only one affidavit to the effect that *highway* mileages from Richmond, Virginia, and Rocky Mount, North Carolina, to Darlington and Florence are comparable. No showing whatever was made by respondent relating to the ends of justice.

The tests to be applied in determining this appeal are stated in the leading case of *Patterson v. Charleston & W. C. Ry. Co.,* 190 S. C. 66, 1 S. E. (2d) 920, 923, as follows: "The burden in the first instance was upon the appellant to make a *prima facie* showing, not only that the convenience of witnesses would be served,—but also that the ends of justice would be promoted by the change * * * Having done so, the burden shifted to the respondents to

show that at least one of these requirements had not been sufficiently satisfied."

Taking up these tests in the order mentioned, it seems ▪ clearly and unmistakably apparent that the convenience of witnesses will be promoted by changing the place of trial to Florence County. The fact that the witnesses for the appellants are all employees of the appellant railroad does not militate against the fact that they can more conveniently attend a trial of this case at Florence. Nor does the fact that the distance by highway from the places of their residences to Darlington and Florence are comparable indicate that it would be as convenient for them to attend at Darlington as at Florence, especially when the uncontradicted showing is that they would travel by train, that train schedules to Florence are regular, frequent, fast, convenient, comfortable and safe, and that there is no passenger train service to Darlington. Nor does the fact that the distance from Florence to Darlington is only ten miles militate against the conclusion that their convenience would be promoted by holding the trial in Florence. It is not a question of how much their convenience would be promoted thereby, but whether it would be so promoted. There is no witness or party residing in Darlington County, whose convenience, according to this record, would be promoted by a trial of the case at Darlington, or who would be inconvenienced by its trial at Florence. The showing made by appellants that the convenience of witnesses will be promoted by a trial of this case at Florence is amply sufficient, and there is no showing on the part of respondent to the contrary.

The next question is whether there was a showing on ▪▪ the part of appellants that the ends of justice would be promoted by a change of the place of trial. It was said in the case of *Utsey v. Charleston, S. & N. R. Co.*, 38 S. C. 399, 17 S. E. 141, 143, that the object of our jury system in requiring jurors from the vicinage to pass upon the testimony produced upon the trial of the case "is the

promotion of the ends of justice." The appellants, R. B. Hare and T. E. Gilhooley, are residents of the City and County of Florence. We are warranted in assuming, in the light of the allegations of the complaint, that they will be witnesses on their own behalf, and on behalf of the Railroad Company. The respondent is a resident of Sumter County. Appellants may have several lay witnesses who reside in Florence County, in addition to the witnesses from without the State. The headquarters of the Columbia District, where its records are kept, are in Florence. There are no witnesses or parties in Darlington County. The respondent makes no showing whatever indicating a reason why the case should be tried in Darlington County. A *prima facie* showing has been made by the appellants that the ends of justice would be promoted by the change.

We are not unmindful of the fact that motions of this character are addressed to the sound judicial discretion of the Circuit Judge, and that this decision will not be disturbed unless it appears that "manifest legal error" was committed. But where, as in this case, the facts are not in dispute, and it clearly appears that both the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Florence County, it becomes the duty of this Court to reverse the lower court and order that the place of trial be changed from Darlington to Florence County; and it is so ordered.

FISHBURNE and STUKES, JJ., concur.

OXNER, J., dissents.

BAKER, C. J., disqualified.

OXNER, Justice (dissenting).

Although plaintiff is a resident of Sumter County and the individual defendants are residents of Florence County, this suit was brought in Darlington County. Since the corporate defendant operates a railroad, has an agent and conducts corporate business in Darlington County, plaintiff had a

right to bring the action in that county under the construction given by this Court to Section 422 of the 1942 Code. *Tucker v. Ingram et al.,* 187 S. C. 525, 198 S. E. 25. His motive or purpose in doing so is not a relevant inquiry here. Of course, under the terms of Section 426 of the Code, the defendants had a right to change the venue by showing that the convenience of witnesses and the ends of justice would be promoted by the change. A motion to change the place of trial upon this ground is addressed to the sound judicial discretion of the circuit judge, which will not be disturbed by this Court except in case of manifest error. *Sample v. Bedenbaugh et al.,* 158 S. C. 496, 155 S. E. 828; *Wade v. Southern Railroad Co. et al.,* 186 S. C. 265, 195 S. E. 560; *Frost v. Protective Life Insurance Co.,* 199 S. C. 349, 19 S. E. (2d) 471; *Gregory v. Powell et al., receivers, etc.,* 206 S. C. 261, 33 S. E. (2d) 629. After full consideration, the Circuit Judge in the instant case determined that the convenience of witnesses and the ends of Justice would not be subserved by changing the place of trial to Florence County. The sole inquiry on this appeal is whether under the facts presented, the Court below in reaching this conclusion committed manifest legal error.

While it seems to be conceded that none of the witnesses reside in Darlington County, defendants have not definitely shown that they have any witnesses in Florence County. It is true that the two individual defendants reside in Florence County but the inconvenience of the parties in attending the trial is not a factor to be considered in a motion of this character. As such, they are not witnesses within the contemplation of Section 426 of the Code. *Wrin v. Ohlandt,* 213 Cal. 158, 1 P. (2d) 991; *Baird v. Smith,* 21 Cal. App. (2d) 221, 68 P. (2d) 979; *McConnon & Co. v. Sletten et al.,* 55 N. D. 388, 213 N. W. 483; 67 C. J., page 160, It is not shown by the affidavits that the corporate defendant will use the individual defendants as witnesses in its behalf. There is an assertion in the affidavit of one of the attorneys

for the defendants "that there may be several lay witnesses from Florence", but this statement is entirely too vague, indefinite and uncertain to be considered. The only other witnesses whose convenience is sought to be accommodated are "several medical witnesses on the part of the defendants from Rocky Mount, North Carolina, Wilmington, North Carolina, and Richmond, Virginia." It is claimed that the convenience of these witnesses would be promoted by a trial at Florence because that city is on the main line of the Atlantic Coast Line Railway over which they would travel in attending the trial. It is said that if the trial is held in Darlington County, it would be necessary for these witnesses to come to Florence by train and then travel by automobile from that city to Darlington. The distance between these cities, however, is only ten miles and they are connected by a dual lane highway. Assuming that the convenience of nonresident witnesses may be considered, which is questionable, 67 C. J., page 161, the asserted inconvenience seems negligible. The circuit judges of this State frequently commute a greater distance in holding court. There are many jurors who live more than ten miles from the county court house. Under existing means of travel, no party or witness, whether residing in Darlington or Florence, would be seriously inconvenienced if the trial were held in either county.

Under the above circumstances, I am not persuaded that the Court below committed a manifest abuse of legal discretion in refusing the motion and, therefore, respectfully dissent.