16461

SMITH v. ATLANTIC COAST LINE R. CO.
(63 S. E. (2d) 311)

482

*Messrs. Paulling & James,* of Darlington, and *W. S. Houck,* of Florence, *for Appellant,*

*Messrs. Nash & Wilson,* of Sumter, and *Mozingo & Watts,* of Darlington, *for Respondent,*

*Messrs. Paulling & James,* of Darlington, and *W. S. Houck,* of Florence, *for Appellant, in Reply,*

February 6, 1951.

FISHBURNE, Justice.

This is an appeal from an order refusing a motion by the appellant for a change of venue of the above entitled case from Darlington County to Sumter County, and in the alternative, to Orangeburg County,—made upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. The motion was based upon the provisions of Section 426 of the Code of 1942. Since this appeal stresses the failure of the court to transfer the case to Sumter County, we will limit our discussion and decision to that point.

W. Harry Smith, an employee of appellant, while engaged in switching a freight car into a siding at Holly Hill, in Orangeburg County on February 2, 1948, was thrown under the car, resulting in injuries from which he instantly died.

The action was commenced in the court of common pleas for Darlington County under the provisions of the Federal Employers' Liability Act, 45 U. S. C. A. § 51 *et seq.*, by Irma F. Smith, the widow of the deceased, as executrix of his last will and testament, to recover damages for his alleged wrongful death. It is alleged that his death was brought about by certain negligent, careless, wanton and wilful acts of appellant, which are particularly set forth in the complaint. All material allegations of the complaint are denied in the answer filed by the appellant.

The record discloses that the deceased was injured and died at Holly Hill, which is 87 miles distant by highway from Darlington, and 47 miles distant from Sumter. Respondent, and five material witnesses for appellant are residents of Sumter County, where respondent and her deceased husband, W. Harry Smith, lived for many years; and it was in Sumter County that the will of Mr. Smith was filed, as were all proceedings relating to the administration of his estate.

There are two witnesses for appellant residing in Orangeburg County: one, Dr. J. H. Danner, a physician of Holly Hill, who examined Smith immediately after his fatal injury, and the other a magistrate from Holly Hill.

In his affidavit, Dr. Danner, who is a material witness for appellant as to the cause of decedent's death, states that he has a large practice in and around Holly Hill which requires his constant personal attention, and that it would be most inconvenient for him to attend the trial of this action in Darlington County, 87 miles away from his home at Holly Hill. He further states that it would be much more convenient for him to go to Sumter, 47 miles distant, where he

could appear in court upon brief notice, testify, and return to his work at Holly Hill with a minimum loss of time

The affidavits of appellant show that appellant possibly has two witnesses from Florence,—one of these having a technical residence in Florence, but an actual residence in Charleston except on week ends. Thus, it readily appears that five of the witnesses for appellant, all of whom are shown to be indispensable, reside in Sumter County, where the respondent herself resides; and that with reference to the two witnesses for appellant from Holly Hill,—Dr. Danner and the local magistrate—they are much closer and are far more conveniently located with reference to Sumter than to Darlington.

There are no witnesses in Darlington County for appellant or respondent, and the record makes the inference inescapable that the trial of this action in Darlington County rather than in Sumter County would entail loss of time and serious inconvenience to the witnesses for the appellant. We can discover no substantial reason why this case should be tried in Darlington County; every reasonable consideration is to the contrary.

Under Code Section 426, subdivision 3, the court may change the place of trial "'When the convenience of witnesses and the ends of justice would be promoted by the change."

To authorize a change of venue under this section, the burden is upon the moving party to show that both the convenience of witnesses and the ends of justice will be promoted by the change. *Reynolds v. Atlantic Coast Line R. Co.,* 217 S. C. 16, 59 S. E. (2d) 344; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Fouche v. Royal Indemnity Co. of N. Y.,* 212 S. C. 194, 47 S. E. (2d) 209; *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629; *Patterson v. Charleston & W. C. Railway Co.,* 190 S. C. 66, 1 S. E. (2d) 920.

When the moving party makes a *prima facie* showing of the fulfilment of both requirements of the statute, the burden shifts to the opposing party to defeat the showing made of at least one of these requirements. *Patterson v. Charleston & W. C. Railway Co.,* 190 S. C. 66, 1 S. E. (2d) 920. A motion for a change of venue is addressed to the sound discretion of the lower court, and this ruling will not be disturbed by this court except in cases of manifest error. Rulings of this kind, however, have been reversed where it appeared from the facts presented that the lower court manifestly committed legal error. *Gregory v. Powell,* 206 S. C. 261, 3 S. E. (2d) 629.

From the record before us, we think that the conclusion is unavoidable that for the convenience of witnesses this case should be tried in Sumter County. The fact that the witnesses for appellant, who reside in Sumter County, are all employees of the railroad company, does not militate against the fact that they can more conveniently attend the trial of this case in that county. *Reynolds v. Atlantic Coast Line R. Co.,* 217 S. C. 16, 59 S. E. (2d) 344. Not a single witness in the case resides in Darlington County. The showing to this effect made by appellant is amply sufficient, and there is no showing on the part of respondent to the contrary.

We are satisfied, too, that the ends of justice would be promoted by a change of venue from Darlington County to Sumter County. On this feature of the case, it is necessary only to cite *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141. The applicable principle enunciated in the foregoing case has been so often referred to and quoted that it need not again be done here.

Respondent argues that this being an action under the Federal Employers' Liability Act, the respondent has a right to select her forum in the first instance, and that the lower court committed no manifest error of law in refusing to change the venue.

It is quite true that a plaintiff may select his forum in the first instance under the Federal Employers' Liability Act, but this does not limit a state court in which an action has been instituted, in changing the place of trial upon a proper showing.

Under the Federal Employers' Liability Act, an action brought in a state court is subject to the same power of the court to change the venue as applies to all other civil cases. Matters of venue and change of venue are mere incidents of procedure. This question was passed upon in the very recent case of *State of Missouri ex rel. Southern R. Co. v. Mayfield,* 340 U. S. 1, 71 S. Ct. 1, 3, where the court stated with reference to an action brought in a state court under the Federal Employers' Liability Act: "It (the Supreme Court of Missouri) should be freed to decide the availability of the principle of *forum non conveniens* in these suits according to its own local law."

We are constrained to hold that the conclusion drawn by the lower court from the facts presented, show manifest error.

The judgment of the lower court is reversed, and the case remanded for entry of an order changing the venue in conformity with this opinion.

BAKER, C. J., and STUKES and TAYLOR, JJ., concur.

OXNER, J., concurs in result.

OXNER, Justice (concurring in result).

I concur in the result on the authority of *Reynolds v. Atlantic Coast Line Railway Co.,* 217 S. C. 16, 59 S. E. (2d) 344. Although my views as set forth in the dissenting opinion in that case have not changed, I feel bound by that decision.