16618

BECKER v. UHE *ET AL.*
(70 S. E. (2d) 346)

*Messrs. James P. Mozingo, III, F. Turner Clayton, B. R. Greer* and *John L. Nettles,* of Darlington, *for Appellants,* cite:

336

*Messrs. Irvine F. Belser, Irvine F. Belser, Jr.,* and *Walter J. Bristow, Jr.,* of Columbia, and *Simonson & O'Brien,* of New York, N. Y., *for Respondent,* cite:

338

*Messrs. James P. Mozingo, III, F. Turner Clayton, B. R. Greer,* and *John L. Nettles,* of Darlington, *for Appellants, in reply,* cite :

April 10, 1952.

OXNER, Justice.

This action was brought in the County Court of Richland County by Henry B. Becker to recover damages for personal injuries received in a collision between an automobile and a tractor trailer, which occurred in Darlington County on April 8, 1950. Named as defendants were Reinhard Uhe, driver of the automobile, T. G. Chaplin, owner of the tractor trailer, Robert A. Chapman, driver of the tractor, the General Accident, Fire and Life Assurance Corporation of Philadelphia, the statutory insurer of T. G. Chaplin, and the tractor trailer. The plaintiff alleged in his complaint that he was riding in said automobile as a paying passenger and that his injuries resulted from the joint and concurrent negligence and recklessness of the drivers of the two vehicles. The case comes before us on an appeal from an order of the Judge of the County Court of Richland County refusing a motion by defendants, other than defendant Reinhard Uhe,

for a change of venue from Richland County to Darlington County, upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

We shall first consider respondent's motion to dismiss the appeal upon the grounds (1) that the exception does not comply with Rule 4, Section 6 of this Court, and (2) that appellants' brief violates Rule 8, Section 7, in that it contains facts not embodied in the record.

There is only one exception, which reads as follows:

"Did the County Judge commit error in refusing to grant defendants' motion for a change of place of trial on the ground that defendant failed to meet the burden of proof required to show that the ends of justice would be promoted by the change and that the conveniences of witnesses would be served by a change of place of trial?"

It will be noted that the foregoing exception is framed as a question and makes no assignment of error. Obviously it does not meet the requirements of Rule 4, Section 6. However, the objection is of a technical nature and it is apparent that respondent, as shown by his brief, was not misled as to the question intended to be raised. It further appears from an examination of the record that there is merit in the appeal. Under these circumstances, we think that in the exercise of our discretion, the breach of the rule should be waived and the appeal considered on its merits. This practice has been frequently followed in criminal cases. It has also been held that technical violations of our rules may be waived in civil cases. *Jackson v. Carter,* 128 S. C. 79, 121 S. E. 559; *Pate v. C. I. T. Corporation,* 199 S. C. 244, 19 S. E. (2d) 107.

It is also true that appellants' brief embodies numerous facts which do not appear in the transcript of record, in violation of Rule 8, Section 7. While this breach of the rule is condemned, we do not think the appeal should be dismissed. Of course, the facts improperly stated in the brief will not be considered.

For the reasons stated, the motion to dismiss the appeal is denied.

Turning now to the merits of the controversy, it is conceded that respondent had the right to institute this action in Richland County because (1) the defendant insurance company is a foreign corporation transacting business and having agents and offices in Richland County, and (2) defendant T. G. Chaplin, who is engaged in the transportation of goods for hire under a certificate issued by the Public Service Commission, operates in Richland County. The contention of appellants is that they are entitled to a change of venue from Richland County to Darlington County upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. Section 426 of the 1942 Code.

The pleadings and supporting affidavits of the parties disclose the following: Plaintiff and defendant Reinhard Uhe reside in New York State. Plaintiff has four witnesses who also reside there. Defendants T. G. Chaplin and Robert A. Chaplin are residents of Darlington County, South Carolina, and all their witnesses reside in that county. The accident occurred in Darlington County on Highway No. 15, about ten miles north of Hartsville. None of the parties reside in, nor is there a single witness from Richland County.

Since all of the South Carolina witnesses reside in Darlington County, it would certainly serve the convenience of the resident witnesses to change the venue to that county, and it would tend to promote the ends of justice by having a jury of that county pass upon the credibility of these witnesses. To defeat the *prima facie* showing thus made, respondent offered several affidavits to the effect that it would be much more convenient for the nonresident witnesses to attend a trial in Richland County. These affidavits disclose that there is no passenger train service or air line service to Darlington, and consequently witnesses from New York would be compelled to proceed by train to either McBee, Florence or Columbia, or by plane to Florence or Columbia,

and then travel by bus or automobile to Darlington. It is further shown that Columbia is readily accessible from New York by either plane or train. In reply to these facts, appellants showed that Florence is on the main line of the Atlantic Coast Line Railroad and is connected with Darlington, a distance of ten miles, by a dual lane highway upon which there is regular and frequent bus service.

It is well settled that a motion of this kind is addressed to the sound judicial discretion of the Circuit Judge, whose ruling will not be disturbed by this Court except in case of manifest error. But such a decision will be reversed where it appears that the conclusion drawn by the Court below from the facts presented is manifestly erroneous. *Gregory v. Powell, Receivers,* 206 S. C. 261, 33 S. E. (2d) 629.

We think under the circumstances of this case the Court below committed manifest legal error. This conclusion is fully supported by the recent case of *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338. We do not think the asserted inconvenience of the non-resident witnesses in attending a trial at Darlington is substantial enough to overcome the strong *prima facie* showing made by appellants. The affidavits indicate that the non-resident witnesses will likely travel by train. It is clearly shown that there is frequent and fast rail service between New York City and Florence, which is equal to if not better than that to Columbia. There should be no material inconvenience in proceeding by bus or private conveyance the short distance of ten miles from Florence to Darlington.

It is true that in *Reynolds v. Atlantic Coast Line Railway Co.,* 217 S. C. 16, 59 S. E. (2d) 344, in which it was held that the Court below erred in refusing to change the venue from Darlington County to Florence County, consideration was given to the inconvenience of certain non-resident witnesses in attending court at Darlington. But there were also other strong circumstances justifying changing the place of trial from Darlington to Florence. Two of the defendants in

that case, who would testify not only in their own behalf but as witnesses for the railroad company, resided at Florence. Also, the records of the Atlantic Coast Line Railroad were kept there. None of the parties resided in Darlington County and there was not a single witness from that county. The facts in the instant case present an entirely different situation.

We think the Court below erred in giving controlling effect to the traveling convenience of the New York witnesses.

Before concluding, it should also be stated that the affidavits of respondent tended to show that the instant case could be reached for trial several months earlier in Richland than in Darlington County. This difference, however, is inconsequential. Reasonably prompt trial can be had in either county.

The order appealed from is reversed and the case is remanded for entry of order changing the venue in conformity with this opinion.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.