226 S.C. 177 (1954)
84 S.E.2d 557
WILLIAM CALHOUN BRUNER, JR., Appellant,
v.
SEABOARD AIR LINE RAILROAD COMPANY, Respondent.
16923
Supreme Court of South Carolina.
November 8, 1954.
*178 Messrs. James P. Mozingo III, John L. Nettles, Benny R. Greer, and Keith A. Gatlin, of Darlington, for Appellant.
*179 Messrs. Robert W. Shand, of Hartsville, and Paulling & James, of Darlington, for Respondent.
Messrs. James P. Mozingo III, John L. Nettles, Benny R. Greer, and Keith A. Gatlin, of Darlington, for Appellant, in reply.
The following is the opinion of Judge Henderson, in the court below.
This action is brought under the Federal Employers' Liability Act. 45 U.S.C.A. § 51 et seq. It was properly commenced in Darlington County, since the defendant is a foreign corporation which transacts business and has offices and agents in that county. Code, Sec. 10-303. Tucker v. Ingram, 187 S.C. 525. 198 S.E. 25.
The defendant has moved for a change of venue to Richland County on the grounds that the convenience of the witnesses and the ends of justice would be promoted by such change. Code, § 10-310.
The collision between the automobile of the plaintiff and the defendant's train occurred in south Georgia, near the town of Fitzgerald in Ben Hill County. The plaintiff Bruner resides in Eau Claire, in Richland County, South Carolina. The defendant may be sued in both Darlington County and Richland County. There is not witness for either party who lives in Darlington County.
*180 On a motion of this character the burden in the first instance is upon the moving party to make a prima facie showing not only that the convenience of the witnesses would be served, but also that the ends of justice would be promoted by the change. If this is done, the burden shifts to the other side to show that at least one of these requirements has not been sufficiently satisfied. Reynolds v. Atlantic Coast Line Railroad Company, 217 S.C. 16, 59 S.E. (2d) 344.
In my opinion the defendant has made a prima facie showing that the convenience of the witnesses would be promoted by a change of the place of trial to Richland County. It has seven witnesses who live near the scene of the collision. It will be more convenient for these witnesses to attend a trial at Columbia than at Darlington. They can easily go from their homes near Fitzgerald, Georgia, to Savannah, from which point the main line of the defendant runs to Columbia, with frequent passenger trains each day. On a motion of this kind the convenience of nonresident witnesses is not to be disregarded, but should be considered along with all the other facts of the case. Reynolds case, above. As stated, the plaintiff has no witnesses who reside in Darlington County.
I believe also that the defendant has made a prima facie showing that the ends of justice will be promoted by a change of the venue to Richland County, since the only witness for either party who lives in either Darlington County or Richland County is the plaintiff himself, who is a resident of Richland County. It has long been held that it would promote justice to have a jury of the vicinage pass upon the credibility of a witness' testimony. Utsey v. Charleston, etc., Railroad Company, 38 S.C. 399, 17 S.E. 141; Gregory v. Powell, 206 S.C. 261, 33 S.E. (2d) 629.
We turn now to see whether either one of these prima facie showings has been overcome by the plaintiff.
*181 The plaintiff has two witnesses, who are doctors, and who reside at Florence, only ten miles from Darlington, and connected by a dual lane highway and very frequent bus connections. It will, of course, be much more convenient to these two witnesses to attend a trial at Darlington, than to have to go to Columbia. Plaintiff also contends that the witnesses of the defendant, who live in Georgia, can very conveniently go from Fitzgerald to Florence, South Carolina, by trains of the Atlantic Coast Line Railroad Company, by way of Waycross; and thence to Darlington by bus. And also that the witnesses could conveniently travel from their homes by bus to Macon, Georgia, and from that point to Darlington by bus. Plaintiff says that he, too, has several witnesses who live near Fitzgerald, the number not being stated.
After careful study of the testimony, together with the railroad time-tables, I am convinced that it will be more convenient for the Georgia witnesses to attend court at Columbia. A trip from Fitzgerald, Georgia, to Florence by Atlantic Coast Line necessitates changes of cars at Waycross and Savannah. One can leave Fitzgerald at 2:10 A.M., and arrive at Florence at 3:10 P.M., thus taking thirteen hours. On another schedule a witness could leave Fitzgerald at 3:55 P.M., and reach Florence at 12:35 A.M., traveling about eight and a half hours. There would still remain the short bus ride to Darlington.
If the Georgia witnesses traveled by bus they could leave Fitzgerald at 6:26 A.M. and arrive at Darlington at 5:45 P.M., thus consuming over ten hours. Other bus schedules which are in effect take from eleven to fifteen hours, to Florence, and the witnesses would have to take another bus to get to Darlington.
Let us see, now, what would be the schedule from Fitzgerald to Columbia. The evidence shows that the witnesses could, in a few hours, travel from Fitzgerald to Savannah, and there take the trains of the Seaboard railway to Columbia. The bus schedule from Fitzgerald to Savannah is not *182 definitely stated, but from the distance it is apparent that a trip could be made to Columbia in much less time than is required to reach Darlington, since the Seaboard runs six passenger trains daily from Savannah to Columbia, with time of travel varying from two hours and seventeen minutes for the fastest to three hours and fourteen minutes for the slowest.
There is also to be considered the return trip of the witnesses to their homes.
I find that it would be a more comfortable, safe, and economical trip, and would consume less time, for the Georgia witnesses to go to Columbia. And, as stated in the Reynolds case [217 S.C. 16, 59 S.E. (2d) 346], above, "it is not a question of how much their convenience would be promoted thereby, but whether it would be so promoted."
The convenience of non-resident witnesses is not to be given controlling effect, to the disregard of all other factors, Becker v. Uhe, 221 S.C. 334, 70 S.E. (2d) 346; but in the present case we find no witness residing in Darlington County, and only two in South Carolina, whereas possibly as many as ten or twelve live near Fitzgerald.
My conclusion on the whole case is that both the ends of justice and the convenience of a great majority of the witnesses would be promoted by a change of the place of trial to Richland County. Reynolds case, above; Smith v. Atlantic Coast Line Railroad Co., 218 S.C. 481, 63 S.E. (2d) 311.
It is accordingly Ordered that the venue of this case be, and it hereby is, changed from Darlington County to Richland County.
Nov. 8, 1954.
PER CURIAM.
This is an appeal from an order of Judge Henderson granting a change of venue. The issue is a close one. But it has been uniformly held that a question of this *183 kind is addressed largely to the discretion of the trial Judge. We cannot say that there was a manifest abuse of discretion, which is necessary for reversal of such an order. Wilson v. Southern Furniture Co., 224 S.C. 281, 78 S.E. (2d) 890.