16985

BILLY EUGENE McKINNEY, Respondent, v. NOLAND COMPANY and ROBERT PAGE ATWATER, Appellants

(86 S. E. (2d) 607)

28

*Messrs. Mann, Arnold & Mann,* of Greenville, and *Sam R. Watt,* of Spartanburg, *for Appellants,*

*Messrs. Hinson, Traxler & Hamer,* of Greenville, *for Respondent,*

March 22, 1955.

LEGGE, Justice.

This action, commenced in the Court of Common Pleas for Greenville County, is for personal injuries and property

damage alleged to have resulted from a collision on the night of May 2, 1953, on a public highway within or near the corporate limits of the City of Greenville, between an automobile of the defendant Noland Company driven by the defendant Atwater, and the disabled automobile of the plaintiff. Defendants' motion to transfer the cause to Spartanburg County was granted by the Honorable J. B. Pruitt, Presiding Judge, who by his order dated January 15, 1954, found that the individual defendant was at that time and had been at the commencement of the action a resident of Spartanburg County, and that the defendant Noland Company, a Virginia corporation, had no place of business in Greenville County but maintained a branch office in Spartanburg County and was, for venue purposes, a resident of the latter. Code, 1952, § 10-303; *Hancock v. Southern Cotton Oil Co.,* 211 S. C. 432, 45 S. E. (2d) 850. From this order there was no appeal. Thereafter plaintiff moved to transfer the cause from Spartanburg County to Greenville County upon the ground that the convenience of witnesses and the ends of justice would be thereby promoted. Code, 1952, § 10-310(3). This motion was heard before the Honorable Bruce Littlejohn, Resident Judge of the Seventh Circuit, and granted by his order dated May 10, 1954, from which this appeal is taken.

The complaint alleged, in substance, that on the date of the accident the defendant Noland Company had held a meeting at a hotel in Spartanburg that was attended by its representatives from outlying areas, among those present being the defendant Atwater, its Greenville representative; that Atwater had become "heavily intoxicated" from partaking of the drinks served at the meeting; that when the meeting was over Atwater, still intoxicated, and with the knowledge and permission of the corporate defendant, proceeded to drive an automobile owned by it from Spartanburg to his home in Greenville; and that while so intoxicated and still about the business of the corporate defendant he so negligently and recklessly operated the said automo-

bile in a heavy downpour of rain that it struck the plaintiff's automobile which had stopped, disabled, off the paved portion of White Oak Way, a street and highway within or near the corporate limits of Greenville, and also struck and seriously and permanently injured the plaintiff, who was standing near his automobile. It is alleged that after the collision the Noland car went over an embankment and came to rest against a tree at a point not visible from the highway; that when Atwater got out and climbed back to the highway he told neighbors who had arrived at the scene that no person other than himself had been involved in the wreck, and he requested them to carry him to his home, which they did; and that it was not until these neighbors had returned to the scene of the wreck that they discovered the plaintiff lying unconscious on the shoulder of the highway, whereupon they reported the matter to the Greenville police, who summoned an ambulance to carry him to the hospital, where he remained unconscious for eleven days.

In his answer the defendant Atwater admitted, among other things, that on the evening in question he had attended a social gathering of friends in Spartanburg and had "had some drinks with them," that during the return trip to his home in Greenville, and at the time of the collision, it was raining heavily, and he alleged that the collision was an accident unavoidable on his part. He denied any wrongful or actionable conduct on his part and charged the plaintiff with contributory negligence and recklessness in having stopped his car on the paved portion of the highway without lights or other signal, and in having placed himself in a position of obvious danger in the circumstances.

The answer of Noland Company admitted its ownership of the car driven by Atwater, admitted that the collision had occurred, that both cars had been damaged, and that the plaintiff claimed to have received personal injuries. It denied the remaining allegations of the complaint and, upon information and belief, charged contributory negligence and

recklessness in the same particulars specified in the answer of its co-defendant.

In support of his motion before Judge Littlejohn, plaintiff submitted certain affidavits, the substance of which follows:

Mr. J. LaRue Hinson, of counsel for the plaintiff:

1. At the time of the collision the defendant Atwater owned a home in Greenville, in which he and his family had resided for several years and in which they continued to reside until shortly after the time of the collision, when they moved to Spartanburg County.

2. Two witnesses who had assisted in pushing plaintiff's automobile off the highway after the collision reside in Greenville County.

3. Two other witnesses who after the collision had carried Atwater to within a short distance of his home, and who on their way back to the scene of the accident had found the plaintiff lying unconscious on the shoulder of the road, were at that time students at Bob Jones University in Greenville, and one of them is still a student there.

4. Six officers of the Greenville police department had assisted in the investigation of the accident. They had summoned the ambulance to carry plaintiff to the hospital; had observed the position of the cars after the collision; had taken pictures of the scene of the wreck; had, after midnight, found Atwater in bed at his home, and had taken him to police headquarters in Greenville, where they had observed his intoxicated condition, had given him an alcometer test, and had obtained a written statement from him.

5. The State Highway Patrolman who had assisted in the investigation is stationed in Greenville County.

6. The plaintiff was hospitalized at Greenville General Hospital in the City of Greenville.

7. Dr. White, the surgeon who had attended plaintiff at the hospital, and Dr. Carpenter, a specialist to whom plain-

tiff had been referred for treatment of eye injuries, reside and practice in Greenville.

8. Plaintiff's employer, a witness as to plaintiff's physical and mental condition before and after his injuries, resides in Greenville County.

9. Members of plaintiff's family, with whom he had resided before the accident and with whom he resided after his release from the hospital, and therefore material witnesses as to his physical condition, reside in Greenville County.

10. Plaintiff's wrecked automobile was taken after the accident to a garage in Greenville, and the witness who will testify to the extent of its damage resides in Greenville.

11. The ends of justice would be promoted by a jury view of the scene of the accident, and by having jurors of Greenville County pass upon the credibility of the material witnesses before mentioned, and of the plaintiff and of the defendant Atwater, who had been a resident of Greenville County at the time of this accident.

12. Plaintiff is a young man without means and heavily indebted as a result of his injuries, and it would be unjust and a hardship to require him to arrange for the attendance of his witnesses at a trial in Spartanburg County.

The statement of the defendant Atwater referred to in Mr. Hinson's affidavit, and also submitted at the hearing, was dated May 2, 1953, and witnessed by police officers Tinsley and Nelson. It was to the effect that at the time of the accident he was on his way home from a party in Spartanburg; that he was traveling about 55 miles per hour, and that it was raining; that he saw a car parked on the road in front of him, and another car was coming towards him, and he hit the parked car, and his car then went off the road to the left and struck a tree; that he got out of his car and went back to the highway and asked two men who had stopped to take him home; that shortly after he got home some police officers came there and asked him to come

to police headquarters with them; that he had been "drinking pretty heavy in Spartanburg" and did not "remember too much about just how the wreck happened."

Dr. C. E. Carpenter:

Deponent is an eye, ear, nose and throat specialist, whose office is very near the court house in Greenville; plaintiff was referred to him for eye treatment in connection with injuries received in the collision; in addition to other demands of his practice, deponent is on continuous service at Greenville General Hospital subject to call for treatment of emergency patients, and it would greatly inconvenience him to attend trial in Spartanburg.

Dr. Cecil G. White, Jr.:

Deponent, a surgeon of Greenville, attended plaintiff in connection with the injuries received by him on or about May 2, 1953; it is necessary for deponent to arrange his operating schedule in advance, and after serious operations to reach patients on very short notice; and because of these things his attendance at a trial in Spartanburg would greatly inconvenience him and his patients.

On the part of the defendants there were submitted the following affidavits:

Mr. E. A. Fargis, General Manager of the Spartanburg Branch Office of Noland Company:

From deponent's investigation it appears that twenty-one employees of Noland Company have knowledge of the meeting in Spartanburg that was attended by Atwater prior to the accident, and many, if not all, of them would testify to Atwater's physical condition at the time he left to return to his home in Greenville. Noland Company did not sponsor the said meeting or party and had no connection with it. A trial in Greenville County would require the attendance of some or all of the twenty-one persons before mentioned, would virtually necessitate the closing of the Spartanburg office during the trial, and would inconvenience these witnesses and their families. Noland Company's Spartanburg

office employs some forty-five persons, most of whom live in Spartanburg County; its reputation for honesty and fair dealing is well known in Spartanburg County; and it would be at great disadvantage if the case were tried in Greenville County.

The defendant Atwater:

All of the numerous persons who attended the party in Spartanburg will be material witnesses for this defendant with regard to his physical condition at the time he left said party. He lists the names and addresses of twenty-one employees of Noland Company, all but one of them residing in Spartanburg, "who would be material witnesses in behalf of the defendant." (We assume that these are the witnesses who attended the party with this defendant.) Their attendance upon a trial in Greenville would greatly inconvenience them and be costly to them and to the company. They and deponent are well known and enjoy good reputations in Spartanburg County and should have their credibility passed upon by jurors of that, rather than Greenville County.

Mr. A. C. Mann, of counsel for the defendants.

1. "The pleadings raised no question about the occurrence of the accident and the injuries to the plaintiff, but issues are made by the pleadings on:

"(1) The drunken party in Spartanburg, S. C., preceding the accident;

"(2) The sponsorship of the party by the defendant Noland Company;

"(3) The drunken condition of the defendant Atwater;

"(4) The question of liability."

2. There is little, if any, dispute as to where and how the accident happened; and the character of the road and the position of plaintiff's car are shown in photographs taken by Police Officer Jennings in the early morning of May 2, 1953, shortly after the accident.

3. Deponent does not know how many Spartanburg witnesses the defendants will use, but there will be a consider-

able number of them "and they are most material on the foundation allegations of this action around which the basic issues will revolve." (We infer that reference is to the party in Spartanburg, the defendant Atwater's physical condition, and the issue of whether or not the corporate defendant had any connection with the party.)

4. Only one of the two witnesses referred to in Mr. Hinson's affidavit as having appeared on the scene promptly after the accident is now available, and he has stated to deponent that he can attend court in Spartanburg without inconvenience. (We note that in respondent's brief it is stated that the two witnesses who helped to push plaintiff's car off the highway were not the two university students who carried Atwater home.)

5. Mr. Taylor, chief investigating officer of the Greenville Police Department has informed deponent that it would be convenient for the "material police officers" to attend court in Spartanburg.

6. The manager of Noland Company's Spartanburg office at the time in question, who is therefore a material witness, is now located in Lynchburg, Virginia, and can attend trial in Spartanburg more conveniently than in Greenville.

7. Plaintiff and the defendant Atwater were the only eyewitnesses.

8. On the issue of the convenience of witnesses, the inconvenience of doctors is not a controlling factor.

9. The scene of the accident was a straight, level, twenty-foot concrete road with wide grass shoulders, and this, as well as the condition and location of the cars with reference to the road, is shown by the photographs before mentioned.

10. The ends of justice would be furthered if the case were to be tried in Spartanburg, rather than Greenville County, not only because both defendants reside in Spartanburg, but also because, in view of the charges relating to the drunken party in Spartanburg, allegedly sponsored

by the corporate defendant, the credibility of the Spartanburg witnesses thereabout should be passed upon by a jury of that county.

11. The *locus* of the accident is about three or four miles east of Greenville County Courthouse and about twenty-five or twenty-six miles west of the Spartanburg County Courthouse, and readily accessible to view by a jury of either county with comparatively little loss of time.

. In addition to the pleadings and the affidavits before mentioned, there were presented to Judge Littlejohn at the hearing seven photographs of the vehicles at the scene of the accident taken by Police Officer Jennings on the night of the accident.

It is of course well settled that in a motion to change the place of trial from the county of defendant's residence the burden is first upon the movant to show, *prima facie,* that such change would promote both the convenience of witnesses and the ends of justice. Such showing having been made, the burden shifts to the party resisting the motion to overcome it as to at least one of said requirements. *Brice v. State Co.,* 193 S. C. 137, 7 S. E. (2d) 850. It is equally well settled that such a motion is addressed to the discretion of the judge who hears it, and that his decision will not be reversed except for manifest error of law. *Roof v. Tiller,* 195 S. C. 132, 10 S. E. (2d) 333, 132 A. L. R. 500; *Frost v. Protective Life Ins. Co.,* 199 S. C. 349, 19 S. E. (2d) 471; *Hayes v. Clarkson,* 224 S. C. 274, 78 S. E. (2d) 454; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Wallace v. Dickerson Construction Co.,* 224 S. C. 396, 79 S. E. (2d) 371; *Bruner v. Seaboard Air Line R. Co.,* S. C., 84 S. E. (2d) 557; *Rice v. Hartness Bottling Works,* S. C., 86 S. E. (2d) 67.

The affidavit of appellants' counsel indicates that one of the persons who came upon the scene shortly after the collision, and perhaps all of the six officers of the Greenville police department who participated in the investigation, can

without inconvenience attend a trial in Spartanburg. It appears, at least *prima facie,* from the affidavits submitted by respondent at the hearing before Judge Littlejohn, that there are available to him seven other material witnesses, in addition to the members of his family, all residents of Greenville County, whose convenience would be promoted by the trial of the cause there rather than in Spartanburg County.

Appellants' counsel suggests, in his affidavit before mentioned, that there is little or no dispute as to how the accident happened, and that the real issues made by the pleadings concern the alleged sponsorship by the corporate defendant of the "party" at the hotel in Spartanburg, and the condition of Atwater, as to sobriety, when he left it. On this basis it is urged that the twenty-one employees of Noland Company who attended the party are all material witnesses, whose convenience would be promoted if the case were tried in Spartanburg County. In this phase of the motion, the circuit judge no doubt took into consideration the obvious fact that upon the trial of the cause the court would not likely hear so many witnesses on so few issues. Of greater relevance than evidence of Atwater's condition at the hotel in Spartanburg would seem to be that of his condition at or about the time of the collision, as to which all of the witnesses are residents of Greenville County. It is understandable, too, that the circuit judge did not find much force in the suggestion that the witness Fargis, who now resides in Lynchburg, Virginia, would be appreciably inconvenienced by having to attend court in Greenville rather than Spartanburg.

We do not agree with appellants' suggestion that the only real issues are those as to which the Spartanburg witnesses would testify. Equally real under the pleadings are the issues of negligence, contributory negligence, and the extent of the personal injuries and property damage sustained by the plaintiff. That the plaintiff and the individual defendant may have been the only eyewit-

nesses of the collision would seem to emphasize the materiality of the evidence of those who came upon the scene shortly thereafter, and to lend additional support to Judge Littlejohn's conclusion that the ends of justice would be promoted by their testimony being evaluated by a jury of the vicinage. Certainly we cannot say, upon the record before us, that his ruling as to either of the requirements of Section 10-310(3) was unsupported by the evidence or constituted an abuse of his judicial discretion.

Affirmed.

STUKES, TAYLOR and OXNER, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.