14728

GREGORY v. POWELL *ET AL.*, RECEIVERS, ETC.

(33 S. E. (2d), 629)

*Mr. John D. Nock,* of Cheraw, S. C., and *Mr. H. L. Smith,* of Georgetown, S. C., Counsel for Appellants,

*Mr. James E. Leppard* and *Mr. Jack Horton,* both of Chesterfield, S. C., Counsel for Respondent, ■■■■■■

April 2, 1945.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court:

This is an appeal from an order of the Circuit Court refusing motions by appellants under Section 426, Code of 1942, for a change of venue from Kershaw County to Georgetown County, upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

Claude Albert Gregory died as a result of injuries received on the night of December 13, 1940, when an automobile driven by him collided with a moving freight train of the Seaboard Air Line Railway Company at a crossing near Georgetown, South Carolina, on State Highway No. 521. Respondent, a resident of Kershaw County, as administratrix of his estate, instituted two actions in Kershaw County, one for wrongful death under the statute familiarly known as Lord Campbell's Act, Sections 411 and 412, Code

of 1942, and the other under what is commonly referred to as the Survival Act, Section 419, Code of 1942. The action under Lord Campbell's Act was brought against the Railway Company and the conductor and brakeman on said train, while the other action was brought only against the Railway Company. It is alleged in the complaints that the death of respondent's intestate was due to appellants' negligence and willfulness in maintaining a dangerous crossing, failing to give the statutory signals, failing to keep a proper lookout, and failing to maintain a warning signal or flagman at the crossing. Appellants interposed a general denial and pleas of sole negligence, recklessness and willfulness, and contributory negligence, recklessness and willfulness on the part of respondent's intestate. For convenience the motions in both cases were heard together in the lower Court, with one order being filed applicable to both, and they are likewise consolidated and heard together in this Court.

The affidavits of appellants in support of the motions disclose the following: That the scene of the accident is 114 miles from Camden, the county seat of Kershaw County, and 4 miles from the Georgetown Court House; that appellants have twenty-two material witnesses, of whom twenty live in Georgetown County, and twelve of these live near the crossing in question; that all of these witnesses are eyewitnesses of the accident, or of events immediately preceding or following it; that the two individual appellants reside in Georgetown County; that at the time of the collision, respondent's intestate was transporting three Negroes, one of whom died as a result of the accident, and the other two live near Georgetown; that a photographic representation of the crossing scene would be inadequate and that it would be highly desirable on the trial for the jury to view the crossing, its approaches and surroundings, which would be inapplicable if the cases were tried in Ker-

shaw County; and that for the foregoing reasons, a trial of the two cases in Georgetown County would be much more convenient and less expensive for the witnesses, and that the ends of justice would be thereby promoted.

The only affidavit submitted by respondent is made by one of her attorneys, the material portions of which are substantially as follows: That respondent has five or six material witnesses who live in Kershaw County, one of whom is the Probate Judge, "one or more" are doctors who will testify as to the condition of decedent's health, and "two or three" of whom will testify as to his occupation and income; that there are "two or three" witnesses residing in the City of Columbia who were present at or about the time of the collision; that there is another witness who was present at the time of the collision who is a resident of the State of Alabama; and that it will be unnecessary for the jury to view the scene of the accident, as appellants have adequate photographic evidence of same.

It appears that prior to the hearing of these motions, an action for wrongful death was instituted against the Railway Company in Georgetown County by the administratrix of the estate of Robert Dennison, a Negro passenger in decedent's car who also died as a result of injuries received in the same accident, which action resulted in a verdict for the defendants. At the hearing of these motions the transcript of the testimony in that case was presented to the Court and is before us as a part of the record on this appeal. On the trial of that case at Georgetown, the plaintiff used eight witnesses, all of whom lived in Georgetown County, and the defendant's twelve witnesses, ten of whom resided in Georgetown County and the remaining two, who were railroad employees, lived in Savannah, Georgia. It further appears from the record of that case that neither party asked that the jury be permitted to view the scene of the accident.

The legal principles applicable to motions of this ██ character are well established. Under Subdivision 3, Section 426, Code of 1942, the Court may change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change." To authorize a change of venue on this ground, the burden is upon the moving party to show that both "the convenience of witnesses" and "the ends of justice" will be promoted by the change. Both requirements of the statute must be met. *Sample v. Bedenbaugh et al.*, 158 S. C., 496, 155 S. E., 828; *Dennis v. McKnight et al.*, 161 S. C., 213, 159 S. E., 557; *Landrum et al. v. State Highway Department*, 168 S. C., 139, 167 S. E., 164; *Patterson v. Charleston & W. C. Railway Co.*, 190 S. C., 66, 1 S. E. (2d), 920; *Brice v. State Co.*, 193 S. C., 137, 7 S. E. (2d), 850. When the moving party makes a *prima facie* showing of the fulfillment of both requirements, the burden shifts to the contesting party to defeat the showing made of at least one of these requirements. *Patterson v. Charleston & W. C. Railway Co.*, supra; *Brice v. State Co.*, supra. Such a motion is addressed to the sound judicial discretion of the lower Court and its ruling will not be disturbed by this Court except in cases of manifest error. *Sample v. Bedenbaugh*, supra; *Landrum et al. v. State Highway Department*, supra; *Roof v. Tiller*, 195 S. C., 132, 10 S. E. (2d), 333, 132 A. L. R., 500; *Frost v. Protective Life Insurance Co.*, 199 S. C., 349, 19 S. E. (2d), 471. But such rulings have been reversed where it appeared from the facts presented that the lower Court in the exercise of a sound judicial discretion committed manifest legal error. *Patterson v. Charleston & W. C. Railway Co.*, supra; *Brice v. State Co.*, supra.

In denying the motions in the case, the lower Court did so in a formal order as follows: "Motions refused in both cases." We are, therefore, unable to determine which of the statutory requirements the lower Court concluded that

appellants had not sufficiently established, or whether the Court concluded that neither requirement had been met.

We think it is overwhelmingly shown that for the convenience of witnesses these cases should be tried in Georgetown County. Not a single witness on the issue of liability resides in Kershaw County. Excluding several witnesses who reside out of the State, all the witnesses on this issue reside in Georgetown County with the exception of "two or three" of respondent's witnesses who reside in Richland County. According to the affidavits, appellants have twenty witnesses residing in Georgetown County and in addition to these, probably numerous others from that county will be called by respondent. If the affidavits are disregarded and we look to the record of the trial of the other case at Georgetown, a total of twenty witnesses testified, eighteen of whom were from Georgetown County and two resided in Savannah. With reference to the witnesses of respondent residing in Kershaw County, the attendance of the Probate Judge for the purpose of proving the appointment of respondent as administratrix would seem to be unnecessary and it is not altogether certain that it will be necessary for the other witnesses from Kershaw County to attend a trial of the cases at Georgetown. "One or more" of these will testify as to the condition of decedent's health. Apparently no issue is being made as to this, but should such an issue develop, doubtless respondent, the widow of the deceased, is in a position to testify fully on this question. The same observation may be made as to the "two or three" witnesses from Kershaw County who will testify as to the "occupation, work and income" of decedent. He was working at the time of his death in the vicinity of Georgetown and no doubt there are witnesses there fully familiar with these matters. The widow is in a better position than anyone else to testify as to what extent the decedent contributed to the support of his family.

We are not unmindful of the fact that travel has been greatly facilitated by modern means of transportation and that witnesses from one county can frequently attend Court in an adjoining county with little inconvenience, but to require these witnesses from Georgetown County to attend Court at Camden, a distance of 114 miles, would impose upon them quite an inconvenience and burden, particularly so with the travel difficulties brough about by war conditions.

We shall next inquire as to whether the ends of justice will be promoted by changing the venue to Georgetown County. It has been held that the ends of justice are promoted by having a jury from the vicinage pass upon the credibility of the witnesses. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C., 399, 17 S. E., 141, 143; *Patterson v. Charleston & W. C. Railway Co., supra.* In the *Utsey case,* the Court said: "The very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice." As practically all the witnesses in the instant case reside in Georgetown County, under the foregoing principle, it would tend to promote the ends of justice by having a jury of that county pass upon the credibility of the witnesses. In addition to the foregoing, the pleadings in these cases and the testimony in the *Dennis case* show the probability of it being highly desirable, if not necessary, for the jury to view the crossing, which is alleged by respondent to be of a dangerous character, in order to obtain a clear and correct conception of its nature and surroundings. Under the *Patterson case,* this is a factor that may be properly considered in determining whether the change of venue promotes the ends of justice. It is suggested that the fact that the Railway Company in the trial of the *Dennis case* did not request that the jury be permitted to view the scene refutes the contention of appellants that such will be desirable or necessary in this case. But the testimony in the in-

stant case may not be the same as in that case. Moreover, counsel may have assumed in that case that the jurors of Georgetown County were already sufficiently familiar with the crossing, which probably would not be true of a jury in Kershaw County. Of course, it is impossible to determine in advance of a trial whether it will be necessary for a jury to view the locale, but we think the probability of such sufficiently appears in the showing before us.

For the foregoing reasons, we think at least a *prima facie* showing has been made by appellants that the ends of justice would be promoted by the change of venue, which has not been defeated by any showing on the part of respondent.

We do not think that the instant case can be distinguished in principle from the *Patterson case,* where it was held that the Circuit Judge committed legal error in refusing to grant the motion for change of venue. We are also constrained to hold here that the conclusion drawn by the lower Court from the facts presented was manifestly erroneous.

Finally, respondent's counsel contend that the exceptions are insufficient to properly raise the questions herein discussed. A careful consideration of the exceptions convinces us that this contention is untenable.

The judgment of the lower Court is reversed and the two cases remanded for entry of order changing the venue in conformity with this opinion.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.