## 16609

THOMPSON v. S. C. STATE HIGHWAY DEPARTMENT
(70 S. E. (2d) 241)

*Messrs. T. C. Callison, Attorney General,* and *William A. Dallis, Assistant Attorney General,* of Columbia, *for Appellant;* cite:

*Messrs. Nicholson & Nicholson,* of Greenwood, *for Respondent,* cite:

254

March 31, 1952.

OXNER, Justice.

This is an appeal from an order refusing a motion by appellant for a change of venue from Greenwood County to Greenville County. The facts disclosed by the supporting affidavits are clearly and correctly summarized in the order of the Court below, which will be reported.

Appellant properly concedes the well established rule in this State that a motion of this kind "is addressed to the sound judicial discretion of the lower Court and its ruling will not be disturbed by this Court except in cases of manifest error." *Gregory v. Powell, Receivers,* 206 S. C. 261, 33 S. E. (2d) 629, 631. Under the facts presented, we cannot say that the refusal of appellant's motion constituted a manifest abuse of discretion. The showing in this

case for a change of venue is not as strong as that made in *Landrum v. State Highway Department,* 168 S. C. 139, 167 S. E. 164, where an order refusing a motion by the Highway Department for a change of venue was affirmed.

The only other question raised is appellant's contention that the order appealed from precludes the Judge who tries the case from determining whether the jury should be permitted to view the scene of the accident. But we do not think the order has that effect. The Court's observation to the effect that the photographic evidence presented is sufficient to adequately portray the scene of the accident was made in considering appellant's contention that a change of venue was necessary so as to enable the jury to visit the locale. Nothing contained in the order under consideration should be construed as precluding the trial judge from determining, in the exercise of his discretion, whether the jury should be sent to the scene of the accident.

Affirmed.

BAKER, C. J. and FISHBURNE, STUKES and TAYLOR, JJ., concur.