221 S.C. 250 (1952)
70 S.E.2d 241
THOMPSON
v.
S.C. STATE HIGHWAY DEPARTMENT.
16609
Supreme Court of South Carolina.
March 31, 1952.
*251 Messrs. T.C. Callison, Attorney General, and William A. Dallis, Assistant Attorney General, of Columbia, for Appellant.
Messrs. Nicholson & Nicholson, of Greenwood, for Respondent.
The following is the order of Judge Pruitt, in the court below:
This matter comes before me on motion of the defendant for a change of venue to Greenville County on the ground *252 that the convenience of witnesses and the ends of justice would be promoted by such change. The motion is based upon the affidavit of Mr. W.A. Dallis, Assistant Attorney General, setting forth that the accident in question took place on State Highway No. 101 between Greer and Tigerville, South Carolina, a distance of approximately sixteen miles from Greenville and sixty-nine miles from Greenwood and that the jury should be permitted to view the scene of the accident; further that one witness for the defendant resides at Greer, sixty-five miles from Greenwood, one at Greenville, fifty-three miles from Greenwood, and four in the vicinity of the accident which is sixty-nine miles from Greenwood.
In opposition to the motion, W.H. Nicholson, one of the attorneys for the plaintiff, filed his affidavit setting forth his personal investigation of the accident and the fact that plaintiff is an invalid, confined to her home, who could be brought to court to Greenwood on a stretcher but that it would be a great burden and almost an impossibility to have her appear in court in Greenville and that the expense and trouble of getting her witnesses to Greenville would constitute a terrible burden on her; that, in addition to the plaintiff the only other surviving occupant of the car at the time of the wreck, a young man fourteen years of age, now resides in Augusta, Georgia, and it would be more convenient for him to have the trial in Greenwood. Also, that there are seven witnesses for the plaintiff from Greenwood County who visited the scene immediately after the accident and saw the condition of the road at that time. The driver of the car, and third occupant, was killed in this accident. The attorney says further in his affidavit that to his own knowledge the road surface has been changed since this accident and for a jury to view the scene would be of little use.
The affidavit of the plaintiff states that she was riding in an automobile driven by Francis G. Underwood, deceased, and with her nephew, Marvin Thompson, as a third occupant *253 when this car struck the defect in question between Greer and Tigerville and she was thrown forcibly from the car on the pavement sustaining the following injuries: Pelvis broken in five places, bladder punctured in two places, nine ribs broken, spleen torn loose, fractured vertebra, nerves dislocated and one foot practically paralyzed. That she is now confined to the home of her mother just beyond the city limits of Greenwood; that her mother, a widow, works in the mill and that the expense of her sickness has exhausted all family finances. That it would be practically impossible for her to appear in Court in Greenville and to bear the cost of trial there and that it is to the convenience of all her witnesses to have the trial in Greenwood and the other in Augusta, Georgia, which is closer to Greenwood.
In addition, Dr. John D. Harrison submits his affidavit setting forth his opinion that the plaintiff is seriously and permanently injured, being confined to her bed most of the time, and that it would be greatly against the health of the plaintiff to force her to go to Greenville to trial in her weakened condition.
In reply the affidavit of Mr. W.V. Kaminer, resident maintenance engineer of the Highway Department, Greenville County, is filed stating that there has been no resurfacing of this road at this particular point since the date of the accident and it is in substantially the same condition as existed on the date of the accident.
The defendant admits that the action may be brought in Greenwood County but makes this motion under Part (3) of Section 426 of the 1942 Code of Laws.
On the basis of the affidavits submitted, I do not feel that in the exercise of my discretion in this matter I could order this case moved to Greenville County on the grounds of convenience of witnesses or promotion of justice.
It appears from these affidavits that the convenience of the larger number of witnesses will, in fact, be served by a trial in Greenwood. To authorize such a change both the *254 convenience of witnesses and the promotion of justice must be served. Tucker v. Ingram, 187 S.C. 525, 198 S.E. 25.
Further, it is clearly shown that the plaintiff is an invalid and that a trial in Greenville would constitute a terrible inconvenience and hardship for her.
Counsel for the defense argues emphatically that the desirability of the jury's viewing the scene of the accident is a factor that should cause the court to grant this motion. Undoubtedly under the law of this state that is one factor to be considered, but not to the exclusion of other factors. A photograph was presented by counsel for the defense on the hearing of this motion which gave a very clear view of the scene of this accident and I feel that photographic evidence presented by both sides can give the jury trying the case a fair and sufficient understanding of the situation at the point of the accident. In my opinion the defendant has failed to sustain the burden resting upon it to show that this change should be made upon these grounds.
It is, therefore, ordered that the motion of the defendant for a change of venue to Greenville County be denied.
March 31, 1952.
OXNER, Justice.
This is an appeal from an order refusing a motion by appellant for a change of venue from Greenwood County to Greenville County. The facts disclosed by the supporting affidavits are clearly and correctly summarized in the order of the Court below, which will be reported.
Appellant properly concedes the well established rule in this State that a motion of this kind "is addressed to the sound judicial discretion of the lower Court and its ruling will not be disturbed by this Court except in cases of manifest error." Gregory v. Powell, Receivers, 206 S.C. 261, 33 S.E. (2d) 629, 631. Under the facts presented, we cannot say that the refusal of appellant's motion constituted a manifest abuse of discretion. The showing in this *255 case for a change of venue is not as strong as that made in Landrum v. State Highway Department, 168 S.C. 139, 167 S.E. 164, where an order refusing a motion by the Highway Department for a change of venue was affirmed.
The only other question raised is appellant's contention that the order appealed from precludes the Judge who tries the case from determining whether the jury should be permitted to view the scene of the accident. But we do not think the order has that effect. The Court's observation to the effect that the photographic evidence presented is sufficient to adequately portray the scene of the accident was made in considering appellant's contention that a change of venue was necessary so as to enable the jury to visit the locale. Nothing contained in the order under consideration should be construed as precluding the trial judge from determining, in the exercise of his discretion, whether the jury should be sent to the scene of the accident.
Affirmed.
BAKER, C.J. and FISHBURNE, STUKES and TAYLOR, JJ., concur.