16681

WINGARD v. SIMS

(73 S. E. (2d) 279)

*Mr. Colin S. Monteith, Jr.,* of Columbia, *for Appellant,*

*Messrs. Rosen & Horger,* of Orangeburg, *for Respondent,*

Nov. 7, 1952.

FISHBURNE, Justice.

This appeal is from an order refusing a motion made by the appellant for a change of venue from Orangeburg County to Richland County. The motion was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change, and was based upon Section 426, subdivision 3, of the 1942 Code.

The accident which gave rise to this action occurred on November 3, 1951 on the Columbia-Newberry Highway about seven miles north of the City of Columbia, at which point there was a collision between the automobile driven by Hugo S. Sims, Sr. and an automobile driven by the plaintiff, Robert L. Wingard. As a result of this collision, which took place about 1:15 o'clock a. m. during a heavy rainfall, Mr. Sims, Sr., lost his life. And the plaintiff alleges that he was painfully and permanently injured in the same accident.

The action was commenced in Orangeburg County against Hugo S. Sims, Jr., as administrator of the estate of his father, and the plaintiff alleges that the accident· was due to the negligent, reckless and wanton acts of Hugo S. Sims, Sr., in driving his car at a reckless and dangerous rate of speed, and on the wrong side of the road.

In addition to a general denial, the defendant set up the defense of contributory negligence on the part of the plaintiff in driving his car, at the time of the accident, on the wrong side of the road, under the influence of alcohol, and at a high, reckless, and dangerous rate of speed. A counterclaim was also alleged by the defendant, to which the plaintiff filed his reply.

In support of the motion for a change of venue, the record contains the affidavit of appellant and one by his attorney. It appears from appellant's affidavit that he has as witnesses four doctors who attended him following the accident, one of whom resides in the City of Columbia; three others reside at the Veterans Hospital in Richland County; an eye-witness who lives in West Columbia; a witness from Tampa, Florida; the former employer of appellant, who lives in Columbia; and the ambulance driver and his assistant who took appellant from the scene of the accident, both of whom reside in Richland County.

It is argued by counsel for appellant that the change of venue to Richland County should have been granted because it would serve the convenience of these witnesses, and that it would be in furtherance of justice that these witnesses be allowed to testify before jurors in the community in which they live. And furthermore, the scene of the accident was only seven miles from Columbia and the locus of the accident would be more accessible, and a much shorter distance for the jurors to visit and inspect, if the case should be tried in Richland County.

It will be noted that among the witnesses listed by appellant, only one is alleged to be an eye-witness of the accidental

collision, and he lives in West Columbia, which is about forty miles from Orangeburg.

As shown by affidavits submitted by respondent, he has eight material witnesses who live in the County of Orangeburg where the action was brought, and where Hugo S. Sims, Sr., resided all of his life until his accidental death. Three of these witnesses, who reside in the City of Orangeburg, were occupants of the automobile driven by the deceased, and survived the collision. They received critical injuries, and in accordance with their affidavits are still suffering from disabilities incurred in the accident. It is further set out in these affidavits that it would constitute an extreme hardship for them to travel any distance and remain away from home in order to attend a trial in Columbia. Four affidavits from witnesses in Holly Hill, a town within Orangeburg County about thirty miles from the City of Orangeburg and sixty miles from Columbia, state that the witnesses were riding in an automobile behind the car operated by the deceased, and although they did not witness the accident, they arrived upon the scene shortly thereafter; and that they are in a position to testify as to the position of the cars involved in the collision, the condition of the highway and the general topography of the terrain.

The respondent in his affidavit alleged that competent photographers who reside in the City of Orangeburg, have made pictures of the highway which will be introduced in evidence, and will testify with reference to the scene and the locale of the accident. It is also shown that upon trial a member of the Highway Patrol and of the State Constabulary will be offered as witnesses by the respondent, who will testify as to the physical condition of the highway at the scene of the accident immediately after it occurred.

It does not appear in this case that the locale is of unusual nature or that it constituted anything more than the usual type of highway. It is evident, as shown by the affidavits,

that the surroundings, the locality, the condition of the roadway, and terrain generally, may be adequately shown by the photographs, plats, and the testimony of witnesses and the officers who visited the scene immediately after the accident.

We have held in many cases that a motion for a change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted by such change, is addressed to the sound discretion of the Court, and its ruling will not be disturbed except in cases of manifest error. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629.

It has also been stated that "judicial discretion" as applied to the determination of a motion of this kind is an elastic, relative term, and implies the absence of a hard and fast rule. *Frost v. Protective Life Ins. Co.,* 199 S. C. 349, 19 S. E. (2d) 471.

The right of a resident defendant to a trial in the county of his residence afforded him under Section 422 of the 1942 Code, has been aptly described by this court in repeated decisions, as a substantial and valuable right, and subject to defeat only when the requirements of the statute permitting such change have met with compliance. *Brice v. State Co.,* 193 S. C. 137, 7 S. E. (2d) 850, 852. And it was held in *Brice v. State Co., supra,* that the probability that a plaintiff would be forced to go to trial without one or more of his witnesses who live in the county where the accident occurred, did not warrant a change of venue on the ground of the promotion of justice as against the defendant's right to trial in the county of his residence, even though plaintiff's witnesses included two physicians, the sheriff, the deputy sheriff, and the chief of police. And it was further stated therein, "The respondent has the right to require the attendance of his witnesses in either County and the probability that one or more of the witnesses may

at the time of the trial have just cause to be absent, does not take away appellant's right to have the case tried in Richland County."

Concerning the convenience of witnesses, the Court in *Webb v. Southern Ry. Co.*, S. C., 71 S. E. (2d) 12, 18, took occasion to refer to modern facilities for travel on our paved highways, and stated, as is now generally recognized, that "sixty miles is no farther than ten miles in 'the horse and buggy days' ".

After a full consideration of the record, we think the lower court committed no error in denying the motion for a change of venue upon the grounds of convenience of witnesses and the furtherance of justice.

Judgement affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.