16794

HAYES v. CLARKSON *ET AL.*
(78 S. E. (2d) 454)

*Mr. J. A. Spruill, Jr.,* of Cheraw, *for Appellants,*

*Messrs. Gasque & Gasque,* of Latta, *for Respondent,* 

*Mr. J. A. Spruill, Jr.,* of Cheraw, *for Appellants, in Reply.*

November 9, 1953.

BAKER, Chief Justice.

This is an appeal from an order granting a motion of the plaintiff-respondent to change the venue of this action from Chesterfield County to Marion County, upon the grounds that the convenience of witnesses and the ends of justice would be thereby promoted. The plaintiff-respondent is a resident of Dillon County, the defendant-appellant is a resident of Chesterfield County, and the action arises out of a collision between automobiles, which occurred in Marion County.

The action was commenced in the Court of Common Pleas for Chesterfield County, and an attachment of the motor vehicle involved was made. Answer was served in due time, and thereafter the respondent made motion to transfer the action to Marion County for trial. Affidavits were filed by the parties to support, and in opposition to, the motion to change the venue, and the Circuit Judge granted the motion.

The appeal involves the sole question as to whether the Circuit Judge committed an abuse of discretion in changing the place of trial.

The affidavits filed by the respondent, in substance, set forth that respondent received medical and hospital attention in Marion County after the wreck; that all of the material witnesses reside in Marion County, other than the persons in the respective automobiles; that respondent's wit-

nesses include doctors, nurses, Highway Patrolmen, the Sheriff of Marion County and his deputies, who are all material witnesses; that they reside in Marion County, which is seventy-four miles distant from the Courthouse at Chesterfield; that the Town of Marion has only one small hospital operated by Dr. Kenneth N. Byrne and Dr. Elliott Finger, who are necessary witnesses, and that, in addition, the plaintiff will also require the testimony of Dr. G. R. Dawson, of Florence, South Carolina, who resides a greater distance from Chesterfield than Marion; that, in addition to the witnesses specifically named, it will be necessary that witnesses, who are residents at the highway intersection, be called to testify, as well as employees of the Highway Department; and that, since neither of the parties is a resident of the County of Marion, each party could obtain a fair and impartial trial therein, and the jury could conveniently view the scene of the accident.

The appellant filed an affidavit to the effect that a change of venue would delay the trial of the case and work a hardship on him and his son, who was in the automobile with him at the time of the collision, and who is a student in the public schools of Chesterfield County (It is not claimed that the appellant has any other material witness who would be inconvenienced by attending Court at Marion); that no view of the scene of the accident is necessary as it will be practicable to describe the scene accurately by witnesses, sketches, diagrams and photographs; and that a view of the scene would actually be misleading, due to the fact that the State Highway Department has relocated signs since the date of the collision, and because of the fact that a large pecan tree, which at the time obscured the vision, was then in heavy leaf, and in the winter and early spring would be bare of leaves.

It is thus observed that a strong showing was made by respondent that the convenience of witnesses will be subserved by the change of venue. It also appears that all of the material witnesses, except appellant's son and Dr. G. R.

Dawson, are residents of Marion County, and this Court has announced, and reaffirmed many times, the principle laid down in *Utsey v. Charleston, S. & N. R. Co.*, 38 S. C. 399, 17 S. E. 141, 143, that

" * * * The very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice."

A review of the many cases dealing with this question that have been recently decided by this Court would not serve any useful purpose. It is sufficient to state that the Circuit Judge committed no abuse of discretion in granting the motion to change the place of trial from Chesterfield County to Marion County, and, therefore, his order thereabout is affirmed.

This Court, in reaching this decision, has not considered anything not appearing in the transcript of record.

STUKES, TAYLOR and OXNER, JJ., concur.