16810

WALLACE v. DICKERSON CONST. CO.
(79 S. E. (2d) 371)

*Messrs. Williams & Parler,* of Lancaster, and *Willcox, Houck, Hardee & Palmer,* of Florence, *for Appellant,*

*Messrs. N. Walser Edens,* of Bennettsville, and *James P. Mozingo, III,* and *Benny R. Greer,* of Darlington, *for Respondent,*

December 22, 1953.

STUKES, Justice.

This is an appeal from an order changing the place of trial of the action from Lancaster County to Darlington County, which was made upon the grounds of the promotion of the convenience of witnesses and the ends of justice. Sec. 10-310, Code of 1952, subsection (3).

The action is for damages for alleged negligence and willfullness of both defendants in the course of construction of a highway near Hartsville in Darlington County. Plaintiff was injured when his vehicle struck an embankment in the road and the alleged delicts relate in the main to the lack of warning signs at the entrance to the road; the answer contains a denial and allegations of contributory negligence, etc. Suit was commenced in May, 1952, in the Court of Common Pleas for Darlington County, whence it was removed to the United States Court on motion of the defendant, Dickerson Construction Company. On motion of plaintiff it was remanded to the State Court and thereafter the defendant Brewer, designated as Brewer Construction Company, obtained change of venue to Lancaster County, which is his residence. Afterward motion was made by plaintiff which resulted in the order from which Brewer alone has appealed.

The motion was supported by the affidavits of two of plaintiff's attorneys which established the residence of plaintiff in Darlington County, about fifteen miles from the courthouse, and that all of plaintiff's witnesses live in that county (one then away on military duty) and about seventy miles from the Lancaster courthouse. Ten prospective witnesses for plaintiff were so mentioned, six of whom made corroborating affidavits which set forth the bases of their relevant information and that they would be inconvenienced

by having to attend trial in Lancaster, but not in Darlington. One of the counsel's affidavits was also to the effect that the appellant, Brewer, is engaged in highway building in the various counties of the State and had underway in March, 1953, when the affidavit was made, construction contracts in Chesterfield and McCormick Counties (no farther from Darlington than from Lancaster) which was supported by the affidavit of the State Highway Engineer.

The motion was resisted by affidavits of the appellant, one of his attorneys, three of his employees and also by one James R. Barfield, of Charlotte, North Carolina, whose other connection, if any, with the litigation is not disclosed by the record. The latter interviewed one of the affiants whose affidavit plaintiff had submitted as that of one of his witnesses. The affidavit of Barfield was to the effect that he interviewed this prospective plaintiff's witness, who lives in Darlington County and near the scene of the accident to which the action relates and while he had made a contrary affidavit in behalf of plaintiff, it would not inconvenience him to attend the trial in Lancaster more than at his own county-seat of Darlington. This was in disregard of the fact of his residence and, therefore, of no probative value. Another affidavit submitted by appellant was by an eyewitness of the accident who lived in Darlington County but said that he could attend trial at Lancaster at no inconvenience or hardship, which is likewise without weight. The three employees of appellant who have knowledge of the facts of the accident and will be witnesses for him stated in their separate affidavits that they were then at work for appellant on a job in McCormick County and would be inconvenienced by attending trial in Darlington. (One of respondent's counsel's affidavits avers that the distances from McCormick to Lancaster and to Darlington are about the same and neither of these affiants claimed less inconvenience to them of trial in Lancaster.) Two of them said that they were residents of Lancaster County, but the third was silent as to his place of residence.

In one of the affidavits of appellant's attorney it was indefinitely said on information and belief that the other defendant, Dickerson Construction Company, which has not appealed, has several material witnesses who reside in Monroe, North Carolina; but nothing was said as to their convenience. In another affidavit by the same attorney it was averred that one of the plaintiff's claimed witnesses, who had made an affidavit in support of the motion, would, in fact, be a material witness for the defendants, and that he would not be inconvenienced by attending trial in Lancaster, now quoting from the attorney's affidavit, "provided all of his expenses will be paid, and the defendants have agreed to pay any and all expenses incurred" by this witness, who was the same referred to in the Barfield affidavit, *supra.* Such an agreement to pay the expenses of a witness from another county was irrelevant to the question presented by the motion.

The personal affidavit of appellant stated that in addition to his employees, to whose separate affidavits reference has been made, he will have two other witnesses who live in Darlington County; and that his co-defendant, Dickerson Construction Company, maintains its principal place of business in Monroe, North Carolina, twenty-five miles from the Lancaster courthouse.

It is easily seen from the foregoing that the great majority of the witnesses, including all of those of respondent, and some of those of appellant, are residents of Darlington County whose convenience in attending the trial will be served if it is had in Darlington; and jurors of the vicinage will pass upon the credibility of their testimony, which will promote the ends of justice. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141, *Hayes v. Clarkson,* S. C., 78 S. E. (2d) 454.

Many of our former decisions upon the subject of this appeal were reviewed in the recent case of *Wilson v. Southern Furniture Co.,* S. C., 78 S. E. (2d)

890. It re-stated the long-established rule that the exercise by a hearing judge of his discretion upon such a motion will not be disturbed on appeal in the absence of a showing of manifest error, which amounts to an abuse of judicial discretion. Naturally the burden of such showing is upon the appellant. We think it clear from the facts which have been stated that it was not met in this case.

It follows that the order under appeal is affirmed.

TAYLOR and OXNER, JJ., and LITTLEJOHN, A. A. J., concur.

BAKER, C. J., concurs in result.