16970

NANCY P. RICE, Appellant, v. HARTNESS BOTTLING WORKS, INC., Respondent

(86 S. E. (2d) 67)

534

*Messrs. N. Heyward Clarkson, Jr.,* of Columbia, *Bruce W. White,* of Union, and *Sam R. Watt,* of Spartanburg, *for Appellant,*

*Messrs. R. B. Hildebrand,* of York, *Butler & Chapman,* of Spartanburg, and *Whaley & McCutchen,* of Columbia, *for Respondent,*

*Messrs. N. Heyward Clarkson, Jr.,* of Columbia, *Bruce W. White,* of Union, and *Sam R. Watt,* of Spartanburg, *for Appellant, in Reply,*

February 21, 1955.

STUKES, Justice.

This action is for damages for personal injuries suffered in a motor vehicle accident in Union County resulting from a collision between the passenger automobile in which plaintiff was riding, while her husband drove, and a soft drink truck of the defendant. The collision occurred on the highway between Spartanburg and Union, about five miles from the latter and twenty miles from Spartanburg.

The suit was instituted in Union County but transferred to Spartanburg County under the corresponding facts and authority of *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417. The appeal is from order refusing a subsequent motion to change the place of trial from Spartanburg County to Union County under Section 10-310 of the Code and upon the grounds (1) that the convenience of witnesses and the ends of justice would be promoted; and (2) that a fair and impartial

trial cannot be had in Spartanburg County. A third ground. was mistakenly stated, to the effect that it would be neces-- sary upon trial for the jury to view the scene of the collision..

The last stated, purported ground is not separately such under the statute and the content of it may be considered: only in connection with the other grounds which were prop-- erly put forth. However, in view of the comparative dis- tances, the point is unimportant in this case and may be summarily dismissed. *Thompson v. South Carolina State Highway Department,* 221 S. C. 250, 70 S. E. (2d) 241. *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E.. (2d) 890.

Taking the remaining, proper grounds in inverse order, there was no showing of substance that plain- tiff cannot obtain a fair and impartial trial in Spar- tanburg County. It is quite populous, as is well known, and in the record is the fact that there are approximately 63,000 registered electors from whom the jurors are drawn. The owners of the defendant corporation are not natives of Spartanburg County. On the other hand, plaintiff's hus-- band formerly lived (his mother still does) and now has. a business there. This ground was advanced only by plain- tiff's affidavit; not even her husband made a supporting affidavit. It was said in *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 74, 1 S. E. (2d) 920, 923: "But this should be determined not alone upon the sole affidavit of the party affected. A strong showing otherwise should be submitted to the Court, or else a satisfactory explanation given as to the reason why other affidavits could not be obtained." This ground of the motion was undoubtedly properly overruled.

Turning to the remaining ground of the conven- ience of witnesses and the ends of justice, it is well settled that the decision upon such a motion by the hearing judge will not be disturbed on appeal in the ab- sence of a clear showing of abuse of discretion, amounting to manifest error of law. See the many decisions to that

effect in 18 S. C. Dig. 491 *et seq.*, Venue, key 42 *et seq.*, and supplement.

Union County officers investigated the wreck, filling station attendants viewed it afterward, a Union resident photographed the vehicles, and a Union physician attended plaintiff in the hospital there, to which she was taken by a local ambulance driver. They will be inconvenienced, if called, by attending trial and testifying in Spartanburg. Plaintiff and her husband, who appear to have been the only occupants of their automobile, live in Columbia. The City of Union is some nearer Columbia than is Spartanburg so they will be inconvenienced to the extent of having to travel a few miles farther to testify at the trial in Spartanburg. On the contrary, the only place of business of defendant and all its property and agents are in Spartanburg which is therefore the ordinarily proper place of trial, and its numerous officers and employees (one an occupant of its truck at the time of the accident) who will, according to the affidavits, testify at the trial, would be greatly inconvenienced by having to attend court in Union. In addition, a resident of Spartanburg County came upon the wreck shortly afterward and will be a witness for the defendant, as will the Spartanburg wrecker operator who inspected the scene and towed in defendant's truck. That a jury of the vicinage of these witnesses will pass upon the credibility of their testimony offsets that feature with respect to the witnesses for plaintiff who reside in Union County.

In view of the factual showings of the respective parties, briefly summarized above, we cannot say that the order under appeal was an abuse of the discretionary power of the court, wherefore it must be affirmed. We think it suffices to refer only to the late precedent of *Wilson v. Southern Furniture Co., supra,* 224 S. C. 281, 78 S. E. (2d) 890, and the earlier cases there cited. However, still later cases of like tenor are *Wallace v. Dickerson Const. Co.,* 224 S. C. 396, 79 S. E. (2d) 371, and *Bruner v. Seaboard Air Line*

*R. Co.,* S. C., 84 S. E. (2d) 557, 560, which reaffirm the reluctance of this court to reverse the result of the exercise of the discretion of the hearing court in such cases. In the last cited it was said *per curiam:* "The issue is a close one. But it has been uniformly held that a question of this kind is addressed largely to the discretion of the trial Judge. We cannot say that there was a manifest abuse of discretion, which is necessary for reversal of such an order."

Affirmed.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.