17239

JAMES A. JACKSON, by his guardian ad litem, EARL JACKSON, SR., Respondent, v. WYMAN D. POWERS and FRED ED-WARDS, Appellants.

(95 S. E. (2d) 624)

*Messrs. Woods & Woods,* of Marion, *for Appellants,*

*Messrs. Goldberg & Cottingham,* of Bennettsville, *for Respondent,*

December 18, 1956.

LEGGE, Justice.

This is an action for personal injuries alleged to have been sustained by the plaintiff, an infant, as the result of a collision in Marlboro County between an automobile in which plaintiff was riding and which was being operated by his father, and a tractor-trailer owned by the defendant Wyman D. Powers, which was being operated by the defendant Fred Edwards. The action was commenced in Marion County, where both defendants resided; and thereafter plaintiff moved before the Honorable G. Badger Baker, Judge of the Twelfth Judicial Circuit to change the place of trial to Marlboro County upon the ground that the convenience of wit-

nesses and the ends of justice would be thereby promoted. From Judge Baker's order dated July 7, 1956, granting said motion, the defendants appeal.

The complaint alleged, in substance, that the collision occurred about 8:00 a. m. on August 19, 1955, at Coxe's Cross Roads, some eight miles south of Bennettsville, the county seat of Marlboro County; that at this point South Carolina Highway SC-35-50, on which the tractor-trailer was traveling in a westerly direction, is intersected by a county road, on which the automobile was traveling in a northerly direction; that numerous obstructions "such as weeds and other growth" at said intersection prevented the driver of the automobile from seeing the approach of a motor vehicle traveling on SC-35-50; that the driver of the automobile in which plaintiff was riding approached the intersection, came to a complete stop, and then attempted to traverse the intersection; and that thereupon the tractor-railer, which was being operated negligently and recklessly in respect of excessive speed and failure of its driver to keep a proper lookout and to give warning of its approach, struck the right side of the automobile, causing the plaintiff to be severely and permanently injured.

The answer of the defendants admitted the allegations as to plaintiff's minority, his father's appointment as guardian *ad litem,* residence of the respective parties, ownership of the tractor-trailer, and agency of its driver; that a collision between the two vehicles had occurred at the time and place alleged; and that at said intersection there were weeds and growth; denied the remaining allegations of the complaint; and alleged that the collision resulted from the negligence and recklessness of plaintiff's father in operating the automobile without adequate brakes, in failing to obey the "stop" sign at said intersection, and in failing to look or otherwise exercise due care.

So far as the record before us shows, the only eye-witnesses to the collision were the occupants of the two vehicles, namely: the plaintiff and his parents on the one hand, and

the driver of the tractor-trailer on the other. In support of the motion, plaintiff submitted twelve affidavits; in opposition, defendants submitted three. We summarize them briefly as follows:

William C. Goldberg, Esq., of counsel for the plaintiff: That the accident occurred in Marlboro County at Coxe's Cross Roads, which is the intersection of Highway SC-35-50 and the road leading from the Hunt's Bluff road to the Salem Road; that from his investigation it appears that approximately eleven witnesses, all residents of Marlboro County, will be called to testify for the plaintiff as to the material facts of the accident, the conditions existing at said intersection at the time of the accident and immediately thereafter, the manner in which the plaintiff was injured, and the extent of his injuries; that all of the persons involved in the accident were taken to Marlboro County General Hospital at Bennettsville, and attended by doctors who reside in Bennettsville; that all of the law enforcement officers who investigated the accident reside in Marlboro County; that all of the witnesses to the accident, other than the defendant Fred Edwards, live in Marlboro County and reside approximately forty miles from the Court House at Marion, and it would greatly inconvenience them if they were required to leave their work and attend trial there, whereas if the case were to be tried at the Court House in Bennettsville they could attend on brief notice, testify, and return to their duties with a minimum loss of time; that it will be highly advisable for the jury to view the intersection where the accident occurred, and that if the case is tried in Marlboro County such view could be accomplished with less trouble, expense, and loss of time than if the trial were had in Marion County; that the plaintiff and his family are people of small means and are not in position to pay the additional expense incident to trial in Marion; and that a Marlboro County jury, being acquainted with or having knowledge of all of the witnesses other than the defendant Fred Edwards, would be in better position to weigh their testimony than would jurors of Marion County.

Mrs. Louise J. Jackson: That she is the plaintiff's mother, and a necessary witness, having been involved in the accident; that she has seven children, some of whom are very young and require her constant care and attention; that she is now (the affidavit is dated September 21, 1955) pregnant and expects to give birth to a child in about four months; and that it would be most inconvenient for her to attend trial at Marion because of its distance from her home, whereas if the trial were had at Bennettsville she could attend upon short notice, testify, and return to her home and children with minimum loss of time.

Earl Jackson: That he is the plaintiff's father, and was driving the automobile at the time of the accident; that trial at Marion would be inconvenient to him because of its long distance from his home and work, and because he has no automobile, but that if the case were tried in Bennettsville he would be able, without great expense, to obtain the necessary transportation from his home to the Court House there; and that he is financially unable to provide transportation to Marion for the other members of his family who are necessary witnesses, but could obtain, from friends and neighbors, transportation for them to Bennettsville.

Raymond Woodle: That he resides in Marlboro County, and is manager of the Carolina Theatre at Bennettsville, and also is a commercial photographer; that he was requested some time ago (his affidavit is dated September 21, 1955) to visit the intersection known as Coxe's Cross Roads, about eight miles south of Bennettsville, and to take photographs of said intersection and the adjacent area; that he is advised that he will be called as a witness for the plaintiff to testify concerning the photographs taken by him; that because of his work it would be most inconvenient for him to attend trial in Marion County, but that he could attend and testify in Bennettsville with minimum loss of time from his duties.

Jennings K. Owens, M.D.: That he is a physician practicing at Bennettsville, specializing in surgery, and perform-

ing most of his operations at the Marlboro County General Hospital at Bennettsville; that he is one of the doctors who attended the plaintiff; that it would be most inconvenient for him to attend trial of this action at Marion, because he is subject to call at all times to perform operations and attend his patients; but that if the case were tried at Bennettsville he could appear on brief notice, testify, and return to his duties with minimum loss of time.

Douglas Jennings, M.D.: That he is a physician engaged in practice at Bennettsville, and is one of the doctors who attended the plaintiff following the accident; that because of his duties it would be most inconvenient for him to testify if his case was tried at Marion; but that trial at Bennettsville would involve minimum loss of time from his duties.

John M. Freeman: Resides in Marlboro County and employs plaintiff's father to farm for him a tract of land about eight miles south of Bennettsville. Is familiar with the place of the accident, and is advised that he will be called to testify in regard to it and the adjacent surroundings and in regard to plaintiff's appearance. Is a busy farmer, and to attend trial at Marion, rather than at Bennettsville, would be most inconvenient for him.

Jack H. Whitley: Is a public engineer, residing in Bennettsville, where, in addition to his engineering work, he is employed by H. J. Munnerlyn, Inc. Has been called upon by plaintiff's attorneys to make a survey of the place of accident, and will be called to testify in regard to such survey and in regard to the topography at the intersection. To attend trial at Marion would be most inconvenient, whereas attendance at Bennettsville would involve minimum loss of time.

Ernest Jackson: Deponent, who is plaintiff's uncle, was called to Marlboro County General Hospital on the date of the accident, to see the plaintiff, and shortly thereafter was called upon to visit the scene of the accident. Is informed that he will be called upon to testify concerning plaintiff's

condition at the hospital, and also as to material facts regarding the surroundings at the place of the accident and as to how the accident occurred. Because of the distance from his home and work, it would be most inconvenient for him to attend trial at Marion.

Darby Hayes: Resides on a farm near Coxe's Cross Roads in Marlboro County, and will be called to testify as to the accident and as to the surroundings adjacent to the intersection. Would be inconvenienced, because of loss of time, if required to go to Marion to testify.

Charlie Coxe: Resides in Bennettsville and is employed as a deputy sheriff of Marlboro County. Is familiar with Coxe's Cross Roads and will testify in regard thereto and in regard to the adjacent surroundings and in connection with other circumstances, involved in the collision. If the case is tried in Bennettsville, he could appear in court on short notice and testify and return to his work with minimum loss of time; but because of the duties of his employment it would be most inconvenient for him to go to Marion for the trial.

Lacy T. Jackson: Is Resident Maintenance Engineer of South Carolina State Highway Department, and resides at Bennettsville. Is familiar with Coxe's Cross Roads, and is informed that he will be called to testify for the plaintiff in regard to the cross-roads and signs and adjacent surroundings. Because of the duties of his employment in Marlboro County, he could testify at a trial of the case in Bennettsville with less inconvenience and loss of time than would be necessitated if he had to go to Marion for the trial.

On the part of the defendants, the following affidavits were submitted:

M. C. Woods, Jr., Esq., of counsel for the defendants: That while it is possible that the defendants may have other witnesses at the trial, it presently appears that, other than the defendants themselves their witnesses will be Clarence Rich and State Highway Patrolman, M. H. Hobbs.

Wyman D. Powers: Deponent is one of the defendants, and was called, very shortly after the collision to the place of its occurrence, where he investigated the physical facts and surroundings. He is informed and believes that Clarence Rich, who was driving another of deponent's trucks a short distance ahead of the one that was involved in the collision, returned to the scene shortly after the collision and will be a very important witness for the defendants. Rich, as well as both defendants, resides in the City of Marion. On the day of the collision, and subsequently, deponent discussed with Highway Patrolman M. H. Hobbs, who had investigated the accident, the results of his official investigation; and Patrolman Hobbs will be a very important witness for the defendants. In reply to inquiry by deponent and his attorneys, Patrolman Hobbs, who resides in Bennettsville, informed them that it would make no difference to him where the case was tried, and that it would not inconvenience him at all to testify at Marion if the trial should be held there, but that he could not give them an affidavit or written statement to that effect, such being contrary to the policy of the Highway Department. On January 17, 1956, deponent and his attorneys, visiting the scene of the collision, found that since the collision certain bushes and shrubbery which at the time of the accident were growing in the southeast corner of the intersection (the corner between the two vehicles as they approached the intersection) had been cut down, so that the scene is now materially different from what it was at the time of the collision. On January 17, 1956, deponent, by automobile speedometer, ascertained the following distances: Marion Court House to scene of accident, 33.2 miles, practically all paved; scene of accident to Marlboro Court House, 7.4 miles, practically all paved; Marlboro Court House to Marion Court House 37 miles, all paved.

Fred Edwards: At the time of the accident deponent was driving the truck of his co-defendant, by whom he is still employed as a truck driver; and he will testify as to the

facts and circumstances of the collision and as to the physical facts and surroundings at and immediately after the time of the collision.

Clarence Rich: Deponent resides in Marion, and at the time of the accident was employed as a truck driver by the defendant Wyman D. Powers and was driving another of said defendant's trucks a short distance ahead of the one that was involved in the collision. Deponent came back to the scene of the collision a short time thereafter, and will testify as to certain pertinent facts immediately preceding the collision and as to the physical facts and surroundings at the scene of the accident shortly thereafter.

The order appealed from, after rather brief reference to the affidavits on either side, recites that the Circuit Judge is satisfied, after careful consideration of all the facts before him, that the convenience of witnesses and the ends of justice would be promoted by the transfer of the cause from Marion to Marlboro County. The several exceptions, largely argumentative, do not require separate discussion. We find no merit in their suggestion that the Circuit Judge treated too superficially the affidavits submitted by appellants; that he gave undue consideration to the number of plaintiff's proposed witnesses, ignoring the fact that only four of them (plaintiff's parents and the two doctors) would normally have been used, the testimony of most of the others being merely cumulative and superfluous; that he ignored the fact that three residents of Marion County would be witnesses in the case; and that he based his order largely upon the theory that a jury view would be advisable, where as because of the changed appearance of the locus it would be improper. In our opinion the language of the order warrants no such inference.

The motion to change the place of trial was addressed to the sound discretion of the judge who heard it, and his ruling thereon should not be disturbed except upon a clear showing of abuse of that discretion amounting to manifest error of law. *McKinney v. Noland Com-*

*pany* 227 S. C. 27, 86 S. E. (2d) 607. Such showing has not been made here.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.